COMMONWEALTH CREDIT CORPO-
RATION, Appellant,

v.

Henry BREITKREUTZ, Appellee.

No. 16011.

Court of Civil Appeals of Texas.
Fort Worth.

May 22, 1959.

Rehearing Denied June 19, 1959.

Joel William Ellis, Harlingen, J. L. Webb, John L. Russell and Robert Eikel, Houston, for appellant.

Joe S. Moss, Houston, for appellee.

BOYD, Justice.

Henry Breitkreutz recovered judgment against Commonwealth Credit Corporation for $11,151.65 in a suit for commissions on sale of stock of the Corporation and office and sales expense, together with damages for breach of contract. The Corporation appeals.

The parties entered into a written contract whereby appellee became "Vice President in Charge of Securities and Sales," whose duty was to act as sales manager in connection with the sale of the unsold Class "A" Common Stock of the Corporation, for the sale of which appellee was to receive commissions of 17½ per cent of the sales price. It was provided that appellee would train and supervise salesmen who were to be his agents, and that the Corporation would pay directly to such agents the compensation they were entitled to receive, which amounts were to be deducted from appellee's 17½ per cent. There were other provisions relating to

the furnishing by appellant to appellee of office space and fixtures, and for the reimbursement to appellee by appellant for certain expenditures.

Appellee alleged that under the terms of the contract 322,771 shares had been sold for $440,034.16, for which he was entitled to receive the sum of $77,005.97, less $3,-928.25 which had already been paid to him, and less $7,700.59 which had been earned by agents under his uspervision; he further alleged that he had expended the sum of $2,308 for which he was entitled to be reimbursed by the Corporation. It was further alleged that appellant wrongfully canceled the contract and that appellee could and would have earned, had the contract not been canceled, the additional sum of $33,397.61 for the sale of the 127,229 remaining shares, and asked judgment for such amount less $3,339.76, which sum he alleged would have been due his agents. His total demand was for $97,742.98, with interest.

Trial was to a jury. Appellant filed a detailed motion for new trial, but did not bring up a statement of facts. Its points for reversal involve only claimed fundamental error.

There were two issues submitted to the jury. In answer to No. 1, it was found that appellee had advanced money for expenses in the total amount of $2,260. Issue No. 2 was: "How much stock, if any, in dollars and cents do you find from a preponderance of the evidence was sold by Breitkreutz and his agents of the stock on which no commissions were paid?" The answer was $50,809.50.

The judgment recites that the findings were received by the court, filed, and entered on the minutes, "and such additional considerations and findings as were authorized by law having been had and made, and the court being of the opinion that judgment should be rendered for the plaintiff on the issues and relief prayed for only to the extent herein granted; it is there-

fore ordered, adjudged and decreed by the Court that the plaintiff, Henry Breitkreutz, do have and recover" the sum of $11,151.-65 with interest.

Appellant's points, which it calls "propositions," are as follows:

1. "The judgment entered by the trial court is erroneous and constitutes fundamental error because it is not supported by pleadings in that plaintiff alleged he was entitled to $17\frac{1}{2}$ per cent on total cash sales less commissions earned by agents and/or dealers working under him, which plaintiff alleged to be the sum of $7,700.59, but the judgment awards to plaintiff $17\frac{1}{2}$ per cent commissions on all stock sold by Mr. Breitkreutz and his agents on which no commissions were paid, which stock sales in dollars and cents was found to be $50,809.50. The judgment thereby awards to Henry Breitkreutz sums to be paid by Commonwealth Credit Corporation directly to such agents and which are by the pleadings of plaintiff and defendant agreed *not* to be due plaintiff."

2. "The judgment entered by the trial court is fundamentally erroneous because it is not in conformity with the verdict of the jury in awarding to appellee $17\frac{1}{2}$ per cent of $50,809.50 for the reason that this sum found by the jury in answer to special issue No. 2 is found to be the sum from which agents and/or dealers working under appellee are first to be paid and the remainder of the $17\frac{1}{2}$ per cent is then provided to be paid to appellee, and there is no finding or determination of these two amounts."

We do not think it necessarily follows, as appellant contends, that since appellee alleged "his cause of action to be for $17\frac{1}{2}$ per cent commission on the total cash sales of stock of appellant from date of the contract to date of filing suit, less commissions he has been paid and further less the sum of $7,700.59 commissions earned by agents and/or dealers under appellee's supervision," he has no pleadings to support the amount actually awarded to him.

Appellee alleged that. $440,034.16 worth of stock had been sold; that 17½ per cent would be $77,005.97; that $7,700.59 of which had been earned by his agents; that $3,928.25 had already been paid to him; and that he was entitled to recover $65,377.13, which was 17½ per cent of the total sales price after deducting $7,700.59 earned by his agents and the $3,928.25 which had already been paid to him. In addition, he asked for $30,057.85 for breach of contract. Evidently, neither the jury nor the court thought appellee had sustained all of his allegations. But we cannot say that appellee is bound by an interpretation of his pleadings, apparently indulged by appellant, that his agents were entitled to any part of the commissions due on the particular $50,809.50 worth of stock which the jury found had been sold and on which no commissions had been paid. For all we can know in the absence of a statement of facts, the uncontradicted evidence may have shown that the agents sold none of that particular stock.

■ What we have said has some application to appellant's second proposition, that is, that the judgment is not in conformity with the verdict. The verdict is not necessarily the sole basis of the judgment. Such additional considerations and findings as were authorized by law were had and made. Although we have no statement of facts, appellant says that the material facts are undisputed, and that the judgment awards to appellee the sum of $11,151.65, "which is the total sum arrived at by adding together the sum found in answer to Special Issue No. 1, $2,260, and 17½ per cent of the answer to Special Issue No. 2, which is the net sum of $8,-891.65."

After the court received and filed the verdict, and had it entered on the minutes, and after "such additional considerations and findings as were authorized by law" were had and made, we cannot be certain that the court in arriving at its judgment used the mathematical formula which is adopted by appellant. Every issuable fact not submitted is deemed to have been found by the court in such manner as will support the judgment. Rule 279, Texas Rules of Civil Procedure. We must indulge the presumption that the evidence supported the judgment. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549.

The judgment is affirmed.