**Pat BUNNELL, Independent Executor under the Will and Estate of Patricia M. Bunnell, Deceased, Appellant,**

v.

**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellee.**

No. 12019.

Court of Civil Appeals of Texas, Austin.

June 27, 1973.

------♦------

H. R. Wardlaw, III, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellant.

Thomas L. Cook, Beard & Kultgen, Waco, for appellee.

O'QUINN, Justice.

An earlier phase of this case was before this Court in 1972 on the question of venue, and was returned to Tom Green County for trial on the merits. (478 S.W.2d 800)

Appellant Pat Bunnell brought suit as independent executor under the will of Patricia M. Bunnell, deceased, to recover benefits claimed under a sickness and accident policy issued to deceased by appellee, Republic Bankers Life Insurance Company.

Trial was before the court, in the main upon the pleadings and stipulations of the parties. The trial court entered judgment in September of 1972 that plaintiff take nothing in his suit to recover under the policy but recover $60 as return of unearned premium.

Appellant brings one point of error: "The trial court erred in holding that Pat Bunnell is not entitled to benefits under the sickness and accident policy issued by Republic Bankers Life Insurance Company."

We will affirm judgment of the trial court.

The insured, Patricia M. Bunnell, made application in May of 1969 for a sickness and accident insurance policy with Republic Bankers Life. The policy was issued for an initial term of one year, with an effective date of June 1, 1969, and renewed thereafter for an additional term ending June 1, 1971. The insured died on September 17, 1970.

The application upon which the policy issued stated, in response to inquiry as to "Disease, Ailment or Injury," that the applicant had "DIABETES (EYE)." The application gave the date of the disease as "Jan 1969" and the name of a doctor in Houston, Texas.

The record discloses that the insured received medical treatment in a hospital for "diabetes mellitus" on seven occasions during a period beginning February 13, 1969, and ending with her death in a hospital in September of 1970. The insurance policy was in force from June 1, 1969, until insured's death.

Pat Bunnell, father of the insured, brought this suit as independent executor to recover benefits claimed under the insurance policy for hospital confinements of eleven days commencing December 27, 1969, more than six months after the effective date of the policy, and for confinements in 1970 of twenty-four days commencing March 8, eighteen days commencing July 14, and twenty-eight days commencing August 20. The executor did not sue for hospitalization commencing June 18, 1969, and September 11, 1969, which confinements were within the first six months after June 1, the effective date of the policy. The executor also sued to recover $60 unearned premium.

The insurance policy provided that Republic Bankers Life insured the applicant, and would ". . . pay, subject to all provisions and limitations herein contained, the benefits provided herein for expense of hospital confinement commencing while this Policy is in force or other specified

expense incurred while this Policy is in force by the Insured . . . (b) Resulting from sickness, the cause which originates after effective date of this Policy and while this Policy is in force and *any disease stated by the applicant in the attached copy of application which occurs after this Policy has been in force for six months* . . . and subject to all the provisions and limitations hereinafter contained." (Emphasis supplied)

It is undisputed that the insured, who was thirty-three years of age when she applied for the policy of insurance in 1969, had been afflicted with diabetes mellitus since she was a child eleven years old.

The policy contained "Limitations and Exclusions" which provided that:

"No indemnities whatsoever shall be payable under this Policy for any loss or disability caused or resulting wholly or partly from or in, or contributed to by:

". . . 3. any sickness or disorder involving the following *unless the cause thereof originates after this Policy has been in force for the preceding six (6) months*: any type of cancer, hernia, metastasis, or surgical operations or procedures, and/or *sickness, disease* or *incident involving the metabolism* . . . *or any disease* . . . *stated by the applicant on the attached copy of the application* which is not otherwise excluded from coverage by name or description . . . 5. *expenses in connection with any sickness contracted that is excluded in paragraph 3* . . . *shall be covered after this initial period, after the expiration of any subsequent six (6) month period* during which the Insured receives in connection with such sickness *neither* (1) medical, surgical, hospital, or nursing treatment or service of any kind, *nor* (2) any drugs or medicines lawfully obtained only upon the prescription of a Medical Doctor or Doctor of Osteopathy . . ." (Emphasis supplied)

The parties stipulated that "diabetes mellitus is a disease of the metabolism."

The trial court, upon request of appellant, filed findings of facts and conclusions of law, to which no objection or exception was made thereafter by either party.

The facts found by the court were: (1) insured was hospitalized eleven days commencing December 27, 1969, twenty-four days commencing March 8, 1970, eighteen days commencing July 14, 1970, and twenty-eight days commencing August 20, 1970; (2) the diabetes mellitus for which insured was hospitalized on these four occasions did not originate after June 1, 1969, the effective date of the policy; (3) the diabetes mellitus for which insured was hospitalized on these four occasions did not occur after the policy had been in force for six months; (4) the diabetes mellitus for which insured was hospitalized on these four occasions did originate prior to December 1, 1969, that is, the disease originated prior to six months after date of the policy; and (5) there was no six-month period subsequent to the initial six-month period during which insured received in connection with her diabetes mellitus neither (a) medical, surgical, hospital, or nursing treatment of any kind, nor (b) any drugs or medicine lawfully obtained only upon prescription of a medical doctor or doctor of osteopathy.

The trial court's conclusion of law was that appellant, as plaintiff below, was not entitled to recover benefits under any of the provisions or terms of policy for hospitalization on the four occasions mentioned, commencing December 27, 1969, and ending in September, 1970, when death occurred. The four periods of hospitalization were the same periods for which appellant sought to recover benefits under the policy.

Appellant's single point of error, that the trial court erred in holding that appellant was not entitled to recover benefits under the policy, is so general as not to comply with the rule requiring that points of error direct the attention of the court to the error relied upon. Rule 418,

Texas Rules of Civil Procedure; Mc-Williams v. Muse, 157 Tex. 109, 300 S.W. 2d 643, 646 (1957). We are permitted, however, to apply a liberal rule to the construction of points and to pass on both the sufficiency and the merits of the point, "in the light of the statement and argument" presented in the brief, to determine the question of reversible error. Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 132 (1961), following the rule of Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943), affirming 163 S.W.2d 1072 (Tex.Civ.App.)

Appellant apparently relies on three contentions as grounds for reversible error.

The first contention is that the policy provides coverage for any disease stated in the application "any time after the policy has been in force for six months when such disease manifests itself to such an extent to cause the insured to be hospitalized." Appellant argues that subparagraph (b) of the insuring clause, the pertinent portion of which has been set out above, "deals with two particular types of risks."

"The first," appellant states, "is *sickness,* the cause of which originates after the effective date of the policy. The second is any *disease* stated in the application which occurs after the policy has been in force for six months. It is Appellant's position that this second part of Subparagraph (b), covering diseases stated in the insured's application, provides coverage for the four periods of hospitalization sued for herein."

Appellant distinguishes between *sickness* that *originates* after effective date of the policy and *disease* stated in the application that *occurs* after the policy has been in force for six months. Appellant insists that use of the word "occurs" provided coverage for insured's hospitalization, after the policy had been in force six months, when the disease manifested itself to the extent that hospitalization was necessary. "This part of the insuring clause would be rendered nugatory," appellant contends, "by a construction that the word 'occurs'

means that the cause of the disease has to originate after the policy has been in force for six months."

Although it cannot be said that "occur" and "originate" are in all their meanings synonymous, one word is by no means under any definition the antonym of the other. *Originate* has the basic meaning of "coming into being or existence," and *occur* has been defined as "to appear" or "to happen." The words *occur* and *happen* often are used without distinction, but *occur,* the more formal of the two, "applies especially to that which is thought of as definitely taking place as an event." (Webster's New International Dictionary, 2d, ed. unabridged).

Corpus Juris Secundum describes *occur* as "A word said to be an ordinary one and without technical import. It carries to the mind a sense of origin, beginning, not of mere existence or of continuation; and in its generally accepted and most popular sense the word 'occur' means to happen. It is also defined as meaning to appear; to be found; to be met with; to meet one's eyes; to present itself; to befall; to take place; to begin; to arise." 67 C.J.S. Occur p. 84.

The meaning "to be met with" perhaps finds closer kinship to the root meaning of *occur,* which stems from *currere* (L. to run) with the prefix *ob* (L. towards, against) assimulated before certain consonants (such as *c, f, m, p*). Hence *occur* literally means "to run against, or towards," or, as said above, "to be met with."

■ Under any meaning of the word *occur,* the disease stated in insured's application did not occur after the policy had been in force six months, but occurred and originated many years prior to the effective date of the policy. Insured's diabetes mellitus, recognized as an incurable ailment, was not a latent or undiscovered illness which unexpectedly manifested itself after the policy became effective. We are unable to find in the insuring clause of the policy an obligation to furnish benefits in

event insured's disease stated in the application should *reoccur* after the policy had been in force for six months.

Appellant further contends that the limitations and exclusions in the policy, which Republic Bankers Life pleaded, are in certain respects in conflict with the insuring clause, and that this conflict renders the contract ambiguous and requires the courts to construe the policy liberally in favor of the insured and strictly against the insurer. This position appears to be grounded largely upon the assumption by appellant that under the insuring clause the insured was entitled to benefits if, after the policy had been in force for six months, the diabetes mellitus which had beset her for the past nineteen years should manifest itself again to the extent that hospitalization was necessary. We have held that the insuring clause did not purport to offer benefits for insured's diabetes mellitus mentioned in the application. Further mention in the limitations and exclusions clause of diseases named in the application does not of course constitute a conflict with the insuring clause. We have examined the several paragraphs of the limitations and exclusions clause and do not find in them a conflict with the insuring clause.

Finally, appellant contends that Republic Bankers Life "represented coverage for the diabetes of the insured in a salient manner on Page 1 of its policy and apparently attempted thereafter to completely exclude such coverage in one part of the insuring clause and later to attempt to revive such coverage in a more limited and restricted manner than set forth in said insuring clause, initially." Appellant argues that "the manner in which coverage for such risk was specially represented and then later excluded is unconscionable and against public policy."

Appellant has not shown how the contract is in conflict with public policy or that it is contrary to statute or established regulations. It is settled that the parties to an insurance contract may make their agreement in any legal form they choose, and "in the absence of statutory prohibitions, insurers may limit their liability and impose whatever conditions they please upon their obligations not inconsistent with public policy." Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668 (1946); Travelers Indemnity Company v. Equipment Rental Company, 345 S.W.2d 831 (Tex.Civ.App. Houston 1961, writ ref. n. r. e.); Douglas v. Southwestern Life Insurance Company, 374 S.W.2d 788 (Tex.Civ.App. Tyler 1964, writ ref. n. r. e.).

We have carefully examined the record of this case, reviewing it in the light of appellant's contentions stated in the brief, and we find no reversible error.

The judgment of the trial court is affirmed.

Affirmed.