**DON'S AMBULANCE SERVICE, INC., Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

No. 15403.

Court of Civil Appeals of Texas, San Antonio.

May 30, 1975.

Rehearing Denied July 30, 1975.

Sims & Sims, Jack B. Sims, San Antonio, for appellant.

Sidney D. Callender, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a suit by appellant, Don's Ambulance Service, Inc., plaintiff below, against appellee, San Antonio Fair, Inc., to recover damages for breach of contract allegedly performed by it and breached by appellee. The jury, in answer to the only two issues submitted, found that appellant made an offer to furnish ambulance service to appellee and that appellee accepted such offer. Both sides moved for judgment. The trial court overruled appellant's motion for judgment and sustained appellee's motion for judgment and entered a take-nothing judgment against appellant.

This case was originally filed against the City of San Antonio and San Antonio Fair, Inc. The court ordered a severance as to the two defendants, and the City of San Antonio is not involved in this appeal.

Appellant's pleadings assert that it entered into an agreement with appellee to furnish ambulance services for a specific period of time for $38,000.00; that it had not received payment in full for services rendered under such contract or agreement; and that there is due and owing under such contract the sum of $12,666.68, and judgment in this sum is prayed for. Defendant's answer contains a general denial; a special denial that it is indebted to plaintiff in any amount or sum; and a sworn denial that the instruments in writing upon which plaintiff's cause of action was founded were executed by it or under its authority.

We will first consider appellee's motion to dismiss the appeal. Such motion is predicated upon two basic contentions: (a) appellant's points of error are too general and broad and do not constitute a sufficient compliance with the Rules of Civil Procedure to justify their consideration by this Court; (b) appellant's points of error do not relate to and are not traceable to any distinct assignment of error in appellant's motion for new trial, and such points of error are not properly before this Court.

■ Appellant's points of error are very general and in some respects are multifarious and do not strictly comply with the Rules of Civil Procedure. However, the object of a point of error in a brief, as provided in Rule 418, Tex.R.Civ.P. (1965), is to call the court's attention to the questions raised and discussed in the brief. Ordinarily, if the point is sufficient to direct the court's attention to the matter complained of, the court will look to the point and the statements and arguments thereunder, to determine the question of reversible error, and the court will pass on both the sufficiency and the merits of the point in the light of the statements and the arguments thereunder. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943). Our courts have given a liberal interpretation of the rules in favor of the sufficiency of an appellant's brief, and under a liberal construction of the rules, we will consider the contention made by appellant in his brief and look to the statements and arguments made in the brief to determine the nature of appellant's complaints and the grounds upon which he apparently relies to support his appeal. *Bunnell v. Republic Bankers Life Insurance Company*, 497 S.W.2d 338 (Tex.Civ.App.—Austin 1973, no writ); *Mooney Aircraft, Inc. v. Adams*, 377 S.W.2d 123 (Tex.Civ.App.—Dallas 1964, no writ); *Wyche v. Noah*, 288 S.W.2d 866 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.).

■ Appellee also contends that appellant's points of error cannot be considered

because they do not relate to and are not traceable to any distinct assignments in appellant's motion for new trial. The record discloses that appellant filed not only a motion for new trial but also a motion for judgment based upon the jury's findings to the special issues submitted. Rule 324, Tex. R.Civ.P. (1967), provides in part that in cases where a party desires to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal, provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in overruling a motion for judgment on the verdict made by the party who becomes appellant. Under a liberal interpretation of the rules, we will consider appellant's points of error as we understand them.

Although appellant submits six points of error, they basically boil down to his contention that the trial court erred in not sustaining its motion for judgment and in not entering judgment for appellant based upon the jury's verdict, and that the trial court erred in entering a take-nothing judgment against appellant.[1]

Appellee asserts that the trial court's judgment should be affirmed because: (1) the jury's answers to the only special issues submitted do not form a sufficient basis for entering a judgment for appellant; (2) appellant failed to prove that the alleged written contract was executed by appellee under its authority; (3) appellant neither pled nor proved the performance of the contract by it; (4) appellant did not request nor did the court submit a special issue as to the performance of the contract; (5) appellant wholly failed to prove any dam-

ages suffered by it as a result of any alleged breach of contract by appellee; (6) appellant did not request nor did the court submit any special issues regarding damages.

In its judgment, the trial court stated: ". . . . Further, the Court having made such additional findings and considerations as were authorized by the law and the evidence, as well as the pleadings in this cause, is of the opinion and finds that, based upon the verdict of the jury, as well as such additional findings and considerations as were authorized by law and made by the Court, the Court is of the opinion that Judgment should be rendered as follows for the Defendant: . . .." The court then decreed that appellant take nothing against appellee.

Appellant made no objections or exceptions to the charge as submitted and did not request the submission of any additional special issues. Appellee made a number of objections to the court's charge as submitted and, among other things, objected: (a) to the submission of Special Issue No. 2 (whether appellee accepted the bid and offer of appellant to furnish ambulance services) on the ground that there was no legal evidence of probative value that defendant corporation, or anyone with any authority to bind said corporation, ever did accept such bid and offer; (b) to the submission of said charge because of its failure to inquire of the jury as to any sum of money due plaintiff, or as to any element of damages the plaintiff may have sustained; (c) to the submission of the charge as a whole because affirmative answers to said issues submitted will not support a judgment for plaintiff.

1. Appellant's six points of error may be summarized as follows: The trial court erred (1) in sustaining appellee's motion for judgment and in denying appellant's motion for judgment based on alleged lack of authorities on the part of appellee to enter into the contract; (2) in sustaining appellee's motion for judgment and in denying appellant's motion for judgment based on alleged lack of pleadings; (3) in sustaining appellee's motion for judgment and in denying

appellant's motion for judgment because said action was against the great weight and preponderance of the evidence; (4) in not sustaining appellant's motion for judgment based on the jury's answers to special issues; (5) in entering judgment in favor of appellee contrary to the jury's answers to special issues and based upon undisclosed findings of fact and conclusions of law; (6) in granting judgment that appellant take-nothing from appellee.

■ Rule 279, Tex.R.Civ.P. (1967), provides, among other things, that upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived. However, if the grounds of recovery or defense consist of more than one element and the court submits some of the elements and omits some others, and there are no objections to the failure to submit the omitted elements, the parties will be placed in the position of having agreed to waive a jury trial on the unsubmitted elements and to have submitted them to the court for his determination. *Skelly Oil Company v. Medical & Surgical Clinic*, 418 S.W.2d 574 (Tex.Civ.App.—Tyler 1967, no writ).

■ In the absence of either party to the proceedings making any request for additional issues or for findings to be made, or the court filing written findings of its own, a reviewing court must deem omitted issues, if any, to have been found in a manner such as to support judgment. *McAllister v. Gardner*, 373 S.W.2d 316 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); *Davis v. Zapata Petroleum Corp.*, 351 S.W.2d 916 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.); *Pan American Fire & Casualty Company v. Greenberg*, 326 S.W.2d 274 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.); *Commonwealth Credit Corp. v. Breitkreutz*, 324 S.W.2d 949 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n. r. e.).

■ The statutes and civil procedure rules relating to submission of issues do not require a defendant to request the submission of plaintiff's issues. When a plaintiff does not request a jury submission of an issue embracing a component element of his ground of theory of recovery, he waives a jury submission thereof, and the trial court may find upon the unsubmitted issue in such manner as he finds the facts to be. *Pasadena Associates v. Connor*, 460 S.W.2d 473, 479 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.); *Rodriguez v.*

*Higgenbotham-Bailey-Logan Company*, 172 S.W.2d 991 (Tex.Civ.App.—San Antonio 1943, writ ref'd).

There are several areas covered in appellee's counter points upon which an affirmance of the judgment can be supported, and we will discuss these areas.

■ The first of these areas is the question of authority. Appellee, by sworn pleadings, denied that the instruments in writing upon which appellant's cause of action was founded were executed by it or under its authority. It contends that in view of such pleadings, the burden of proof to show authority was upon appellant; that appellant failed to discharge such burden; and that the court's implied finding of no authority is sufficiently supported by the evidence. It must be remembered that the jury found that appellee accepted the offer of appellant to furnish ambulance services. This jury finding necessarily encompasses a finding that such acceptance was authorized by appellee. In view of such finding, there was no basis for an implied finding by the trial court upon the question of authority, and appellee's contention in this regard is rejected.

The jury made no findings as to damages. This was a necessary element of recovery of a judgment by appellant. Appellant requested no issues as to damages and made no exceptions or objections to the charge as submitted.

■ As hereinbefore discussed, when a plaintiff does not request a jury submission of an issue embracing a component element of its basis for recovery, it waives a jury submission thereof, and the trial court may find upon the unsubmitted issues in such manner as he finds the facts to be. The trial court impliedly found that the plaintiff suffered no damages. Without a finding as to damages, appellant is not entitled to a judgment. Under the record, the trial court correctly entered a take-nothing judgment against appellant.

In view of our holding herein, we do not deem it necessary to discuss or pass on appellee's other contention that the trial court judgment should be affirmed because appellant neither pled nor proved the performance of the contract by it and because no issue was requested or submitted as to the performance of the contract.

The judgment is affirmed.