**Kenneth Ray HEROD, et ux., Appellant,**

v.

**Cynthia Lynn DAVIDSON, et al., Appellee.**

No. B14-82-478CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1983.

D. Channing Bradshaw, Bradshaw & Cass, Pasadena, for appellant.

Rory Alter, Manley, Hesson & Kuhlmann, Pasadena, Susan M. Marett, Funderburk & Funderburk, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Appellants appeal from a judgment dismissing their plea in intervention in which they sought appointment as managing conservators of their grandchild. We reverse and remand.

Cynthia Lynn Davidson sued her husband Timothy Claude Davidson for divorce in

Harris County, Texas. At that time appellants, the maternal grandparents, filed their plea in intervention, they had had custody of the Davidsons' child for over two years. Appellants intervened in the divorce proceeding seeking to be appointed as temporary managing conservators and, upon a final order in the divorce action, appointment as managing conservators. We think it would be helpful in understanding this case to set out the pertinent events and their dates:

| DATE | DESCRIPTION |
|---|---|
| 01–07–81 | Original divorce petition filed by Cynthia Lynn Davidson against Timothy Claude Davidson in Harris County, Texas. |
| 03–31–82 | Plea in intervention seeking for appointment as managing conservator filed by appellants. |
| 04–27–82 | A. Timothy Davidson's answer to plea in intervention filed asserting appellant's lack of standing.<br>B. Non-suit granted as to divorce petition. |
| 04–30–82 | First amended plea in intervention filed by appellants. |
| 05–05–82 | Motion to dismiss plea in intervention filed by Timothy Davidson. |
| 05–24–82 | Order signed dismissing plea in intervention. |
| 06–09–82 | Final judgment signed dismissing plea in intervention. |
| 06–15–82 | Final judgment signed dismissing all proceedings from court docket. |
| 06–18–82 | Appeal cost bond filed. |
| Date Unknown | Original divorce petition filed by Timothy Davidson against Cynthia Davidson in Brazoria County, Texas. |
| 12–07–82 | Decree of divorce signed; Cynthia Davidson appointed managing conservator. |
| 02–02–83 | Appellee's motion to dismiss this appeal for mootness (appellants' appeal) filed. |
| 02–02–83 | Appellants' response to motion to dismiss appeal for mootness filed. |
| 02–03–83 | Appeal submitted. |

Initially, we must address Timothy Davidson's motion to dismiss this appeal because of mootness. Subsequent to the original divorce proceeding being nonsuited, appellees were divorced and Cynthia Davidson was appointed managing conservator of their child in a divorce proceeding initiated by Timothy Davidson in Brazoria County, Texas. Because of our holding in this case, we do not feel this appeal which relates to

the original divorce proceeding has become moot and overrule appellee's motion.

In their sole point of error, appellants assert that the trial court erred in granting appellee Timothy Davidson's motion to dismiss their plea in intervention without appointing a managing conservator in disregard of the best interest of the child. Appellees' counterpoint is that the trial court correctly granted Timothy Davidson's motion to dismiss appellants' intervention because they lacked standing to bring a suit affecting the parent-child relationship.

While appellants' stated point of error is unclear, we may look at the arguments and authorities in their brief to determine the nature of their complaint and the grounds they rely on to determine the question of reversible error. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943); *Don's Ambulance Service, Inc. v. San Antonio,* 526 S.W.2d 547 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Appellants argue the trial court erred when it denied them a hearing to appoint a managing conservator; the court found they were without standing to bring their plea in intervention. Therefore, no matter in what terms appellants couch their point of error, the underlying error about which they are complaining is the trial court's finding they had no standing. Thus, we construe appellant's point of error as contending the trial court was in error when it found they had no standing to bring their plea in intervention.

■ It is settled law that a motion to strike an intervention is addressed to the sound discretion of trial court. *Mendez v. Brewer,* 626 S.W.2d 498 (Tex.1982). We must determine if the trial court abused its discretion when it dismissed appellants' plea in intervention.

Appellees rely on *Pratt v. Texas Department of Human Resources,* 614 S.W.2d 490 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.) which held Tex.Fam.Code Ann. § 11.-09 (Vernon Supp.1982–1983) is a legislative determination of the persons who have standing to bring a suit affecting the parent-child relationship. This section of the Family Code does not list a grandparent as

a party who must receive notice of a suit affecting a parent-child relationship. *Pratt* involved a suit to modify a managing conservatorship order brought by a former foster parent who was not a party in the original appointment proceeding. In a *modification* proceeding, most of the parties listed in § 11.09 already exist. This case is distinguishable because appellants have brought an *original* proceeding which seeks to have them appointed as managing conservators. A review of § 11.09 reveals that eight of the nine parties (or classes of parties) *Pratt* holds as having standing to bring a suit affecting the parent-child relationship are non-existent when applied to the facts of this case. We do not believe *Pratt* controls the standing issue in this case.

 A party who seeks to intervene in pending litigation must show a legal or equitable interest such that "he would be entitled to recover in his own name to the extent of relief sought." *Rogers v. Searle,* 533 S.W.2d 440, 442 (Tex.Civ.App.—Corpus Christi 1976, no writ). Tex.R.Civ.P. 60 puts the burden on an intervenor to show a justiciable interest, legal or equitable, in the lawsuit. This interest must be "greater than a mere contingent or remote interest." *Rogers v. Searle,* 533 S.W.2d at 442. Under Tex.Fam.Code Ann. § 11.03 (Vernon 1975), a suit affecting the parent-child relationship may be brought by any person with an interest in the child. However, § 11.03 does not define a person with an interest in the child.

 Grandparents may be appointed as managing conservators. *See, e.g., Bush v. Cooley,* 561 S.W.2d 606 (Tex.Civ.App.—Waco 1978, writ dism'd); *Smitheal v. Smitheal,* 518 S.W.2d 842 (Tex.Civ.App.—Fort Worth 1975, writ dism'd), *cert. denied,* 423 U.S. 928, 96 S.Ct. 277, 46 L.Ed.2d 256 (1975). The court in *In the Interest of an Unnamed Child,* 584 S.W.2d 476 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.) held that although grandparents have no legal relationship to a grandchild, they were not prohibited from petitioning for adoption of that grandchild. Although the grandparent relationship does not give them a legal right

or interest, they have an interest in the child as a "natural guardian." For purposes of petitioning for appointment as a managing conservator or for adoption, there are no legal strangers. *Harris County Child Welfare Unit v. Caloudas,* 590 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

 By their pleadings, appellants meet their burden of showing they have standing by alleging they had continuous custody of their grandson for over two years and had provided most of his support during that time period. Also, they alleged the child's parents were separated and living in environments which were unsuitable for a child. As the situation existed, appellants were correct in attempting to obtain legal custody of their grandson for the protection of themselves as well as their grandson. Appellants had standing to bring a suit for their appointment as managing conservators. We hold the trial court abused its discretion when it dismissed their plea in intervention. Appellants' point of error is sustained and appellees' counterpoint is overruled.

The trial court's judgment is reversed and remanded.