**Lola SHAW, Appellant,**

v.

**Shirley Jean GREEN, Appellee.**

**No. A14–82–768CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1983.

Rehearing Denied Oct. 27, 1983.

J. Leonard Gotsdiner, Houston, for appellant.

Steven Ellinger, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Lola Shaw appeals from an order dismissing, with prejudice, her petition for appointment as managing conservator of her great-granddaughter. Following the close of the presentation of the petitioner's (appellant's) case, the trial judge granted the respondent (appellee), Shirley Jean Green's motion for instructed verdict/motion for judgment finding that Ms. Shaw lacked standing to sue. We affirm.

In points of error one and three, appellant contends the trial court erred in holding that she lacked standing to sue for managing conservatorship of her great-granddaughter.

Tex.Fam.Code Ann. § 11.03 (Vernon 1975) provides:

A suit affecting the parent-child relationship may be brought by any person with an interest in the child, including the child (through a representative authorized by the court), any agency of the state or of a political subdivision of the state, and any authorized agency.

In *Herod v. Davidson,* 650 S.W.2d 501 (Tex. App.—Houston [14th Dist.] 1983), this court held that grandparents had an equitable interest which gave them standing to intervene in a divorce suit to seek managing conservatorship of their grandchild. However, no Texas court has granted standing to a great-grandparent.

A further distinction from *Herod* is that the present case concerns an original proceeding rather than an intervention. In *Pratt v. Texas Dept. of Human Resources,* 614 S.W.2d 490 (Tex.App.1981—Amarillo, writ ref'd n.r.e.), the court held that only those people entitled to service under Tex. Fam.Code Ann. § 11.09(a) (Vernon Supp. 1982–83) have standing to bring a suit affecting the parent-child relationship. This section does not list a grandparent (or great-grandparent) as one who must receive notice of a suit affecting the parent-child relationship. Holding that the rule of *Pratt* was not binding on an intervenor, Judge Robertson said in *Herod:*

*Pratt* involved a suit to modify a managing conservatorship order brought by a former foster parent who was not a party in the original appointment proceeding. In a modification proceeding, most of the parties listed in § 11.09 already exist. This case is distinguishable because appellants have brought an original proceeding which seeks to have them appointed as managing conservators. A review of § 11.09 reveals that eight of the nine parties (or classes of parties) *Pratt* holds as having standing to bring a suit affecting the parent-child relationship are non-

**152**

existent when applied to the facts of this case. We do not believe *Pratt* controls the standing issue in this case.

*Herod,* 650 S.W.2d at 503.

We find *Pratt* controlling in the present case, and hold that Mrs. Shaw, the great-grandmother, had no "interest in the child," her great-granddaughter. She, therefore, had no justiciable interest in the litigation and no standing to sue. The trial court was correct in granting appellee's motion for instructed verdict/motion for judgment dismissing, with prejudice, the appellant's petition because she lacked standing to sue.

In her third ground of error, appellant contends that her status as temporary possessory conservator gives her standing. A possessory conservator is listed in § 11.-09(a). Ms. Shaw, however, was not made a possessory conservator of her great-granddaughter until after the commencement of this action. At the time she brought suit, the appellant had no "interest in the child." We overrule points of error one and three.

This holding is consistent with § 11.03 as it was when the action commenced and with the amended version effective September 1, 1983. The amendment defines "interest in the child":

A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation.

Act of June 17, 1983, ch. 424, § 3 Tex. Sess.Law Serv. 2353 (Vernon). Appellant does not fall within any of the subsections of § 11.09(a) and she did not have possession and control of the child for at least six months immediately preceding the filing of this petition.

Due to our disposition of points of error one and three, it is unnecessary to discuss point two. We overrule point two.

The judgment of the trial court is affirmed.