Marsha YOUNG, Appellant,

v.

Michael Monte YOUNG, Appellee.

No. B14–84–844–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 30, 1985.

Rehearing Denied June 27, 1985.

---

Kenneth W. Brauer, Houston, D. Channing Bradshaw, Bradshaw, Cass & Johnson, Pasadena, for appellant.

Bruce A. Baughman, Baytown, Jacalyn D. Scott, Bonham, Carrington & Fox, Houston, David Gunn, Baytown, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant Marsha Young sought a divorce from appellee Michael Monte Young in the 257th District Court. The paternal grandparents, Monte and Alma Dee Young, also appellees in this case, intervened in the divorce action, seeking custody of their son's only child, Michael Lynn Young, age five at the time of trial. The jury, after hearing testimony from many witnesses and deciding neither parent was capable of caring for the child, awarded managing conservatorship to the paternal grandparents and possessory conservatorship to each parent as specified in the divorce decree. Marsha Young appeals from that decision and challenges the grandparents' standing to intervene in this suit affecting the parent-child relationship. We find that the grandparents properly intervened; thus, we affirm the judgment below.

▪ Appellant first contends that the trial court erred in failing to grant her plea in abatement to the grandparents' plea of intervention, because the grandparents lacked standing and pled no facts demonstrating their standing. Secondly, appellant contends the trial court erred in failing to grant her motion for instructed verdict because the testimony during the trial also failed to prove the grandparents' standing. We note at the outset that this case involves two different concepts concerning the manner in which persons may become parties to a suit affecting the parent-child relationship. A party may *initiate, bring,* or *"create"* a suit, where before no suit existed, by filing an original petition to invoke the judicial process. On the other

hand, after someone "creates" a lawsuit by filing an original petition, another party may seek to *intervene* for good cause.

■ The Texas Family Code is silent as to who may *intervene* in a suit affecting the parent-child relationship. However, § 11.03, entitled "Who May Bring Suit," states:

A suit affecting the parent-child relationship may be brought by any person with an interest in the child.... A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation.

TEX.FAM.CODE ANN. § 11.03 (Vernon Supp.1985). Section 11.09(a) does not specifically list "grandparents" as being entitled to service in a suit affecting the parent-child relationship. Therefore, we construe this legislation to mean that a grandparent who does not otherwise qualify under § 11.03 and § 11.09(a) may not file an original petition to *initiate* a suit affecting the parent-child relationship. However, a grandparent *may intervene* in this type of action, once the lawsuit has been initiated by a person authorized to do so under Family Code § 11.03 and § 11.09(a). A grandparent's intervention under these circumstances may enhance the trial court's ability to adjudicate the cause in the best interests of the child. *See* TEX.FAM. CODE ANN. § 14.07(a) & (b) (Vernon 1975 and Supp.1985).

■ The grandparents in the case before us do not fit within any category of persons entitled to *bring* or *initiate* a suit affecting the parent-child relationship as described in § 11.03 and § 11.09(a). Therefore, if no divorce action or other suit affecting the parent-child relationship had been pending before a trial court, the grandparents could not have filed an original petition to institute or "create" the suit, because they lack standing according to the Family Code. However, the grandparents possessed the right to intervene after the natural mother initiated this suit by filing for divorce and placing the question of the child's best interest properly before the court.

Appellant cites the following cases as support for her contention that the grandparents lacked standing to become parties to this controversy: *In re Van Hersh*, 662 S.W.2d 141 (Tex.App.—Amarillo 1983, no writ); *Shaw v. Green*, 659 S.W.2d 150 (Tex. App.—Houston [14th Dist.] 1983, no writ); and *Pratt v. Texas Department of Human Resources*, 614 S.W.2d 490 (Tex.Civ.App.— Amarillo 1981, writ ref'd n.r.e.). However, these cases are distinguishable because in all three, the persons seeking managing conservatorship did not *intervene in a pending suit*, but instead *initiated original proceedings*. Rule 60 of the Texas Rules of Civil Procedure indicates that *any* party may intervene in a civil lawsuit, subject to being stricken by the court for sufficient cause on motion by an opposing party. A motion to strike an intervention is addressed to the discretion of the trial court. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex.1982). The Texas Supreme Court in *Mendez* affirmed a trial court's decision to strike a foster parent's intervention in a suit affecting the parent-child relationship, finding that foster parents lack a justiciable interest in a foster child. In the instant case, the trial court could have stricken the grandparents' intervention on motion by appellant if it had found the grandparents lacked a justiciable interest in Michael Lynn Young. Unlike the relationship between foster parents and a foster child, grandparents possess a justiciable interest as "natural guardians" of a grandchild. *See Herod v. Davidson*, 650 S.W.2d 501, 503 (Tex.App.—Houston [14th Dist.] 1983, no writ).

■ In summary, for purposes of a suit affecting the parent-child relationship, we believe there is a significant distinction between someone who "brings suit" and someone who "intervenes in a suit." The legislature appropriately limited the persons who may *bring* or *initiate* a suit affecting a parent-child relationship. We agree with the opinion in *Pratt*, 614 S.W.2d

at 495, that the courts should not be open to *any* person who for some reason desires to change a child's managing conservator; but where, as here, an authorized person brings the question of managing conservatorship before an appropriate court, then any person concerned about the child's welfare may intervene, subject to the court's discretion as to whether such party may remain in the case because of a justiciable interest in the child.

We hold that the trial court properly overruled appellant's plea in abatement and motion for instructed verdict. The grandparents from the outset possessed the right to intervene; therefore, we will not address appellant's and appellees' ancillary procedural complaints that arose subsequent to the intervention. We overrule points of error one and two.

The trial court's judgment is affirmed.