Barbara Lee Chapa
CASTILLO, Appellant,

v.

Santiago CASTILLO, Appellee.

No. 04–85–00151–CV.

Court of Appeals of Texas,
San Antonio.

July 23, 1986.

Roger Reed, Jose E. Chapa, Jr., Yzaguirre, Chapa & Rocha, McAllen, for appellant.

Margil Sanchez, Jr., Rio Grande City, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

This is an appeal from two judgments in a child support enforcement action emanating from a motion for contempt and a motion to reduce to judgment unpaid child support payments. The trial court deducted $10,000.00 from an uncontested $18,000.00 arrearage, and found the obligor in contempt with regard to the remaining $8,000.00 past due child support. The trial judge allowed the appellee to pay the $8,000.00 in $2,000.00 installments over a period of two years. The trial court also rendered a money judgment in behalf of appellant for $8,000, but suspended the enforceability of the judgment for two years so that appellee might pay that sum according to the schedule set forth in the contempt order.

## FACTS

From November 11, 1974, to October 11, 1984, appellee Santiago Castillo did not pay appellant Barbara Castillo the $150.00 per month child support ordered in the divorce decree of October 24, 1974. On October 12, 1984, appellant filed in the trial court a Motion for Contempt for Failure to Pay Child Support and a Motion to Reduce Unpaid Child Support to Judgment.

Appellant's motion for contempt was made pursuant to TEX. FAM. CODE ANN. § 14.09(a) (Vernon 1975), *repealed* effective September 1, 1985; her motion to reduce to judgment was made pursuant to § 14.09(c) of the Family Code (*repealed* 1985). Both motions allege that appellee had not made child support payments totaling $18,000.00, because he had failed to

make even one of the 120 monthly child support payments of $150.00 each.

After an evidentiary hearing, the trial court entered an order holding respondent in contempt of court for failure to pay child support and another order reducing the unpaid child support to judgment. Both orders contain the following finding:

The Court further finds that Respondent's above-described $18,000.00 total arrearage in unpaid child support should be reduced by the amount of $10,000.00, to the sum of $8,000.00, for the reason that Movant waited nearly 10 years to seek enforcement of the child support provisions of this Court's final Judgment of Divorce signed on October 24, 1974, and that the amount of back-due child support that should be adjudged against Respondent should be $8,000. In addition, the Court finds that the Respondent is currently unable to pay on a lump-sum basis $8,000 in back-due child support, but that he is able to pay, in addition to his regular $150.00 per month child support payments for Santiago Castillo, Jr., the sum of $2,000 every six months.

## POINTS OF ERROR

Appellant asserts the following trial court errors:

1. The trial court abused its discretion in forgiving $10,000 of the $18,000 arrearage in child support payments for the sole reason that appellant had not instituted enforcement proceedings until nearly 10 years after the first of such payments fell due.

2. The trial court committed reversible error by relying either on the delay factor or on the appellee's economic circumstances to disallow the appellant her concurrent, but independent, remedy of a reduction of the uncontested $18,000 arrearage to an immediately enforceable judgment for that amount, and for post-judgment interest from the date of judgment.

3. The trial court erred in not adjudging appellee liable for appellant's reasonable attorney's fees incurred in the proceedings.

In reply, appellee contends that appellant is precluded from raising points of error one and two because of appellant's failure to sufficiently make known to the trial court his objection and the action appellant wanted the court to take; to wit: judgment for the entire $18,000.

## PRESERVATION OF ERROR

■ Rule 373 of the Texas Rules of Civil Procedure (Vernon 1985) provides as follows:

Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection at the action of the court and his grounds therefor; and if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

Since no formal written exception to the trial court's ruling was filed, we must look to the statement of facts for guidance. The court reporter's transcription leaves much to be desired, but the attorneys have approved the statement of facts as correct. Attorney for appellee did, however, take exception to grammar, spelling, and punctuation errors.

Prior to the ruling by the court, the attorney for appellant informed the court, "The court is powerless to retroactively change the amount of child support which has accrued. It is certainly within the court's discretion. We recognize the fact that the arrearage is to be brought current on the terms, forgiving payments which have not been made and are due are within the powers of the court." Admittedly, the statement can be considered paradoxical, but counsel later stated in the same argument, "Our position is that no amount of money can be deducted from this $18,000 arrearage." The court took the case under advisement. At a hearing on the entry of

judgment, counsel for appellant, prior to final rendition, stated, "Two final matters, Mrs. Castillo has moved that the amount of arrearage, the alleged 8,000 to be reduced to judgment again without waiving her claim of arrears of the $18,000.00...."

In *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981) our Supreme Court said,

Predicates for complaints on appeal must be preserved at the trial court level by motion, exception, objection, plea in abatement, or some other vehicle. The complaint must identify the objectionable matter or event sufficiently for the opposite party to cure any deficiency and for the trial judge to know the nature of the alleged error.

We are of the opinion that appellant's objections to the court ruling were sufficient to make known the action appellant desired the court to take.

## THE JUDGMENT

■ We have no jurisdiction to review the contempt order. *Ex parte Caldwell,* 416 S.W.2d 382 (Tex.1967); *Lamka v. Townes,* 465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Assuming, however, that even if we had jurisdiction to review the contempt order, we would find no error in it because the trial court had the discretion to change, alter, or suspend the child support order. *Menner v. Ranford,* 487 S.W.2d 698 (Tex.1972); *Frank v. Reese,* 594 S.W.2d 119 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). In addition to the finding of the trial court that appellant had delayed bringing the contempt action for 10 years, the trial court also found that the appellee did not have the ability to pay the $18,000.00 arrearage at one time. Appellee testified that he was unemployed at the time of trial. There is sufficient evidence to support the part of the contempt order in which the trial court ordered appellant to pay only $8,000.00 of the arrearage.

We must, however, distinguish the order flowing from the contempt motion from the order flowing from a motion to reduce the back child support payments to judgment. Where a motion such as the latter has also been filed, the trial court cannot forgive or excuse child support that has accrued. *See Huff v. Huff,* 648 S.W.2d 286, 289 n. 8 (Tex.1983). Consequently, as a matter of law, the trial court is obligated to enter judgment for the entire amount of arrearage.

TEX.FAM. CODE ANN. § 14.08(c)(2) (Vernon Supp.1986), provides:

(c) After a hearing, the court may modify an order or portion of a decree that:

\* \* \* \* \* \*

(2) provides the support of the child if the the circumstances of the child or person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry, *except that a support order may be modified only as to obligations accruing subsequent to the motion to modify;* ... (emphasis added).

TEX.FAM. CODE ANN. § 14.09(c) (Vernon 1975, *repealed* eff. Sept., 1985) provides:

On motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of debts.

If § 14.09(c) gave the trial court authority to diminish the accrued arrearage, then the § 14.08(c) language which prohibits retroactive modification would be meaningless. The judgment provided for in § 14.09(c) is a "money" judgment, for which execution may issue against property that appellee owns or may come to own.

We hold that the trial court erred by refusing to award appellant a judgment for the entire $18,000.00.

## ATTORNEY'S FEES

■ Finally, the appellant complains of the trial court's refusal to order the appel-

lee to pay her attorney's fees incurred in connection with the child support enforcement proceedings.

The trial court, prior to closing regarding attorney's fees, denied appellant a right to recover. By bill of exception, appellant's attorney was able to present evidence as to the amount and the reasonableness of the fees. The trial court denied her any recovery of her attorney's fees without articulating any reason for such denial.

Appellee never introduced any evidence disputing appellant's claim of the amount or the reasonableness of the fee.

Nevertheless, appellant has failed to show an abuse of discretion, which is necessary before this court has reason to reverse. *Fowler v. Stone*, 600 S.W.2d 351, 353 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

> The awarding of attorney's fees in an action ... arising under the Texas Family Code is within the sound discretion of the trial court. [Citations omitted.] Absent a showing of an abuse of that discretion, the judgment of the trial court will not be disturbed on appeal. [Citations omitted.] Section 11.18(a) which authorizes an award of attorney's fees in suits involving the parent-child relationship, is permissive only and does not require that such fees be awarded nor taxed as costs. [Citation omitted.]

*Hollon v. Rethaber*, 643 S.W.2d 783 (Tex. App.—San Antonio 1982, no writ).

The appeal from the trial court's judgment of contempt, of which the appellee was allowed to purge himself by paying $2,000.00 every six months for two years, is dismissed. The trial court's judgment reducing the $18,000.00 arrearage to an $8,000.00 judgment payable according to the same schedule, is reversed, and judgment is rendered for appellant in the amount of $18,000.00, plus interest at the maximum statutory rate from February 21, 1985, (the date of trial court's judgment) until paid. The judgment denying appellant's request for attorney's fees is affirmed.