**Brenda Lee HARRISON, Appellant,**

v.

**Bill HARRISON and wife, Elizabeth Harrison, Appellees.**

**No. 11–86–227–CV.**

Court of Appeals of Texas, Eastland.

July 23, 1987.

Dick R. Crownover, Law Offices of Dick R. Crownover, Abilene, for appellant.

W.H. Hoffmann, Jr., Hoffmann and Siebert, Eastland, Charles Scarborough, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

## OPINION

DICKENSON, Justice.

The intervenors, Bill and Elizabeth Harrison [paternal grandparents], were appointed as managing conservators of the children [Hayden Lee Harrison, male born July 2, 1982, and Rylan Daniel Harrison, male born March 2, 1984], in compliance with the jury's verdict, when the children's parents, Brenda Lee Harrison and Ralph Lee Harrison, were divorced on August 25, 1986. Each parent was appointed as a possessory conservator and given possession of, and access to, the children subject to the requirement that neither possessory conservator shall possess, consume nor be under the influence of alcohol, narcotics, controlled substances, or dangerous drugs during any periods of visitation. The mother of the children appeals. We affirm.

Appellant presents two points of error. She argues that the trial court abused its discretion: (1) in overruling her objections to the court's charge because appellees [intervenors] failed to show that both natural parents may endanger the children's physical health or significantly impair the children's emotional development; and (2) in denying her specially requested charge because appellees [intervenors] failed to show that she may endanger the children's physical health or significantly impair the children's emotional development.

The pertinent portions of the court's charge read as shown:

In your determination of which party should be appointed managing conservator of the children, you shall consider the qualifications of the respective parties without regard to the sex of the parties. The best interest of the children shall always be your primary consideration in answering the issue, though you shall consider the circumstances of each party.

You are instructed that the rights of the father and mother are equal with respect to the custody of their children, but that the welfare and best interests of the children is of controlling importance, and it will be your duty to find according as you may believe from a preponderance of all the evidence as to what would be for the welfare and best interest of the children, and you will answer this issue as you may find the facts to be.

*A parent shall be appointed managing conservator of the children, unless it is shown by a preponderance of the evidence that it is in the best interest of the child that a third person be appointed instead of a natural parent.* (Emphasis added)

### SPECIAL ISSUE NO. 1:

*From the preponderance of the evidence, and considering only the best interest of the children, who should be appointed as managing conservator?* (Emphasis added)

Answer by naming the party to whom the managing conservatorship of the children should be granted.

ANSWER Bill & Liz Harrison

It appears that the court's charge was taken verbatim from 3 KAZEN, FAMILY LAW sec. 50.04A (Texas Practice and Procedure 1986).

Appellant's objections to the charge and her specially requested charge read in full as shown:

COUNSEL FOR APPELLANT: Comes now the Petitioner, Brenda Harrison, after all parties have closed, the jury is dismissed, outside the presence and hearing of the jury, in front of the attorneys for the Intervenors and the Respondent, and hereby object to the following in the Court's Charge on the ground that same should appear in special issues, which will follow:

And, in the alternative that the paragraph about to be read does not fully charge the jury on all aspects of the law, in specific paragraph to which Petitioner objects reads as follows:

"A parent shall be appointed managing conservator of the children unless it is shown by a preponderance of the evidence that it is the best interest of the child that a third person be appointed, instead of a natural parent."

Petitioner would respectfully move and request that the Court should not [sic] charge in special issues which the petitioner foremost requests that in the alternative that charge be worded as follows:

"A parent shall be appointed managing conservator of the children unless it is shown by a preponderance of the evidence that both natural parents may endanger the children's physical health or significantly impair the children's emotional development, and further that it is in the best interest of the child that a third person be appointed instead of a natural parent."

That is our objection to the body of the charge. We would ask the Court to rule on it.

THE COURT: Those objections are overruled, sir.

COUNSEL FOR APPELLANT: We would further object to the Court's charge in regard to special issue, specifically Special Issue Number One, which does not fully charge all of the law applicable in the present case. The issue that the petitioner specifically objects to reads as follows:

Special Issue Number One:

From the preponderance of the evidence, and considering only the best interest of the children, who should be appointed as managing conservator?

Answer by naming the party to whom the managing conservatorship of the children should be granted.

Answer:

Petitioner would respectfully request that the Court charge the following special issues:

Special Issue Number One:

Do you find from a preponderance of the evidence that the natural parent may endanger the children's physical health or significantly impair the children's emotional development?

Answer "we do" or "we do not."

If you have answered Special Issue Number One "we do not," then answer Special Issue Number Four. If you have answered Special Issue Number One "we do," then answer Special Issue Number Two.

Special Issue Number Two:

Which natural parent do you find by a preponderance of the evidence may endanger the children's health or significantly impair the children's emotional development?

Answer "father" or "mother" or "both."

And, the place for the answer.

If you have answered Special Issue Number Two either "father" or "mother," then answer Special Issue Number Four. If you have answered Special Issue Number Two with "both," then answer Special Issue Number Three.

Special Issue Number Three:

Do you find from a preponderance of the evidence that it would not be in the children's best interest to appoint either

of the natural parents as the managing conservator of the children?

Answer "we do" or "we do not."

Answer:

If you have answered Special Issue Number Three "we do not," answer Special Issue Number Four. If you have answered Special Issue Number Three "we do," answer Special Issue Number Five.

Special Issue Number Four:

Which natural parent do you find from a preponderance of the evidence would it be in the best interest of the children to appoint as the managing conservator of the children?

Answer "mother" or "father."

Answer:

Special Issue Number Five:

Do you find from a preponderance of the evidence that it would be in the best interest of the children to appoint their paternal grandparents, Bill and Liz Harrison as their managing conservators?

Answer "we do" or "we do not."

Place for the answer.

We would respectfully request and move that the Court charge as requested by the petitioner pursuant to the foregoing.

THE COURT: All right, sir. Your requests are denied. Thank you.

COUNSEL FOR APPELLANT: We would request that the Court have the court reporter reduce the objections and requested issues to writing.

THE COURT: Certainly will do that.

■ Both points of error are overruled. The court's instructions properly place the burden of proof, and the evidence is both legally and factually sufficient under the tests stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), to support the jury's answer that the paternal grandparents should be appointed as managing conservators of the children. We have also passed upon these points of error under the rule stated in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 at 482 (1943), to see if there was reversible error in the court's charge.

Appellant cites TEX.FAM.CODE ANN. sec. 11.03 (Vernon 1986) which lists the parties who may file an original suit affecting the parent-child relationship. This section gives grandparents the right to bring an original suit seeking managing conservatorship if, but only if, (1) the children's environment with the parent or parents may endanger the children's physical health or significantly impair their emotional development or (2) both parents either filed the petition or consented to the suit. Appellant argues that the grandparents in this case should have been required to prove that the children's environment with appellant may endanger their physical health or significantly impair their emotional development.

■ Section 11.08 is not applicable because the grandparents did not file the original suit pursuant to Section 11.03(b); the suit was filed by the children's mother pursuant to Section 11.03(a). We hold that the grandparents were not required to make proof under Section 11.03(b). See *Yevak v. Yevak*, 713 S.W.2d 164 (Tex.App.—Texarkana 1986, no writ); *Young v. Young*, 693 S.W.2d 696 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd); and McKnight, *Family Code: Husband and Wife*, 40 SW.L.J. 1 at 56 (1986).

While *Yevak* and *Young* were based upon the Family Code as it read prior to the 1985 amendments to Section 11.03, these cases recognize the grandparents' right to intervene in a suit involving the parent-child relationship even when they did not have standing to file an original proceeding.

The legislature has now given the grandparents standing to file an original suit affecting the parent-child relationship if they make satisfactory proof under Section 11.03(b). The 1985 amendments to the Family Code do not change the grandparents' right to intervene in a pending lawsuit. There is a significant difference between filing an original proceeding which could disrupt the children's relationship with their parents and intervening in a pending suit in which that relationship had been sufficiently interrupted to cause the

filing of a suit requiring the courts to decide what decree would be in the children's best interest.

The judgment of the trial court is affirmed.