Lisa Marie McCORD, Appellant,

v.

Glenn WATTS, ET AL., Appellees.

No. 3–88–183–CV.

Court of Appeals of Texas,
Austin.

Sept. 20, 1989.

David Lochabay, Austin, for appellant.

Edwin J. (Ted) Terry, Jr., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This appeal arises from a divorce action between Del Ray McCord and Lisa McCord in which the parties contested managing conservatorship of their daughter, Dori Gail McCord. The paternal grandmother and her husband, Eva and Glenn Watts, intervened. Following trial, the court granted the divorce and appointed the mother and intervenors joint managing conservators, giving the mother primary physical possession of the child. We will affirm the judgment of the trial court.

Del Ray McCord filed for divorce and custody of the parties' child on May 6, 1986. Appellant responded with a cross-petition asking that she be named managing conservator. The trial court held hearings and appointed both an attorney and guardian ad litem for the minor child. Eventually, appellant amended her petition to request termination of the father's parental rights. The Wattses then filed a petition in intervention on August 6, 1987, seeking to be named managing conservators. [Appellant does not complain on appeal of the inclusion of Glenn Watts in the motion, although apparently he is not the biological grandfather of the child.]

Appellant moved to strike the Wattses' petition on the basis that it did not allege facts showing that the grandparents had

standing to intervene. On September 10, 1987, the trial court held a' hearing on the issue at which neither party presented evidence. On February 29, 1988, the court signed an order denying the motion to strike. The decree of divorce naming joint managing conservators was signed June 21, 1988. Although requested, there are no findings of fact or conclusions of law in the record, but appellant does not complain of the fact on appeal.

■ In her first point of error, appellant complains that the trial court abused its discretion by denying her motion to strike appellees' intervention, because the allegations in their petition were insufficient. She contends that a grandparent who seeks to intervene in a pending divorce involving child custody must plead and prove facts which otherwise would entitle the grandparent independently to initiate an original suit affecting the parent-child relationship. She asserts that the only statutory basis on which the Wattses could have originated litigation was Tex.Fam.Code Ann. § 11.03(b)(1) (Supp.1989), by charging that there existed a serious and immediate question concerning the welfare of the child the subject of the suit. In the absence of such allegations, she claims that the trial court was required to strike the petition and could not permit them to intervene. Appellant's complaint goes solely to the suggested deficiency in the pleadings. She does not complain that there is no evidence in the record to prove their standing, and she does not attack the trial court's judgment naming them joint managing conservators. Even assuming error, therefore, appellant has failed to show that she suffered any harm or that an improper judgment was rendered as a result of any error.

Appellees recognize that § 11.03(b) governs a grandparent's standing to initiate an original suit affecting the parent-child relationship in order to seek managing conservatorship of a grandchild. They deny, however, that they must allege facts bringing them within § 11.03 before the court can allow them to intervene in a pending proceeding and seek appointment as the child's managing conservator.

■ The Texas Family Code enumerates those parties who are entitled to initiate litigation concerning managing conservatorship of a child and the circumstances under which they may do so. Tex.Fam. Code Ann. § 11.03 (Supp.1989). It does not expressly address who may intervene in an action for that purpose. Other courts have held that there is a distinction between standing to initiate an original suit affecting a parent-child relationship seeking managing conservatorship and standing to intervene in such a suit once one has been filed. *Harrison v. Harrison,* 734 S.W.2d 737 (Tex.App.1987, no writ); *Yevak v. Yevak,* 713 S.W.2d 164, 165 (Tex.App.1986, no writ); *Young v. Young,* 693 S.W.2d 696, 697 (Tex.App.1985, writ dism'd). A party who does not qualify to initiate suit under § 11.03, therefore, still may be permitted to intervene in an action once the suit has been initiated by a person authorized to do so.

■ In the absence of statutes or case law to the contrary, rules governing permissible intervention in civil cases generally apply. *Burleson v. Finley,* 581 S.W.2d 304 (Tex.Civ.App.1979, writ ref'd n.r.e.). Texas R.Civ.P.Ann. 60 (Supp.1989) provides:

> Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party. . . .

■ Anyone may intervene in a legal proceeding to which he is not originally a party in order to protect a right or interest which he has and which will be affected by the litigation. 1 McDonald, Texas Civil Practice §§ 3.46, 3.47 (rev. ed. 1981). An intervenor must show some present legal or equitable interest in the subject matter which makes it proper for him to participate in the proceeding. As one commentator has observed:

> The interest required is analogous to that essential for a party to maintain or defend an action. . . . The requirement has been stated, not exhaustively, to demand that "the intervener's [sic] interest . . . be such, that if the original action had never been commenced, and he had

first brought it as the sole plaintiff, he would have been entitled to recover...." The statement, a useful guide, does not reach all situations. It does not cover, for example, ... the situation where the intervenor asserts a claim adverse to both parties, though under special circumstances such an intervention may be proper....

1 McDonald, Texas Civil Practice § 3.47 (rev. ed. 1981) (and authorities cited therein).

■ As a general rule, a party seeking to intervene in litigation must show that he could maintain suit in his own right. To intervene successfully in a suit affecting a parent-child relationship, the intervenor must show some justiciable interest in the litigation. *Young*, 693 S.W.2d at 698. A party who has no present justiciable interest but instead only has a remote or contingent one is properly excluded. *Mendez v. Brewer*, 626 S.W.2d 498, 500 (Tex.1982); *Herod v. Davidson*, 650 S.W.2d 501 (Tex. App.1984, no writ).

■ The trial court may determine the party's justiciable interest on the basis of the sufficiency of the petition in intervention. The petition's sufficiency is tested by its allegations of fact on which the right to intervene depends, and the court may strike the petition if no sufficient interest is alleged. *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex.Civ.App.1976, no writ); *Wilson v. County of Calhoun*, 489 S.W.2d 393, 396 (Tex.Civ.App.1972, writ ref'd n.r.e.). The sufficiency of the facts alleged in the petition, however, also should be construed along with the allegations of fact set forth in the pleadings of the other parties, and the right to intervene is subject to the trial court's wide discretion. *Rogers*, 533 S.W.2d at 442. Thus, the determination of a motion to strike is addressed to the sound discretion of the trial court. *Mendez*, 626 S.W.2d at 499.

■ It has been held that, as a matter of law, grandparents possess a justiciable interest in their grandchild, *Young*, 693 S.W.2d at 696, and that grandparents who intervene in a proceeding are not required to plead and prove the requirements of

§ 11.03(b). *Harrison*, 734 S.W.2d at 740. *See also, Yevak*, 713 S.W.2d at 166; *Herod v. Davidson*, 650 S.W.2d 501 (Tex.App. 1983, no writ). Once a party with standing commences the divorce suit, grandparents have standing to seek to intervene, subject to the trial court's discretion to strike, and under the facts of the particular case the court may appoint them the child's managing conservator if it finds this to be in the child's best interest. *Young*, 693 S.W.2d at 698. *See also* Tex.Fam.Code Ann. § 14.01(a), (b) (Supp.1989); Solender, *Family Law: Parent and Child*, 40 Sw.L.J. 53, 56 (1986).

The Texas Family Code recognizes various interests a grandparent has in a grandchild, but at the same time it restricts the grandparent's right to initiate litigation involving the child. For example, a grandparent may bring suit seeking modification of the child's conservatorship if he had been a party affected by the prior order. Tex.Fam.Code Ann. §§ 11.03(f), 14.08(a) (Supp.1989). *See also Watts v. Watts*, 573 S.W.2d 864 (Tex.Civ.App.1978, no writ). He may initiate a suit for managing conservatorship under limited circumstances to protect the child or intervene in a proceeding to seek possessory rights. Tex.Fam. Code Ann. § 11.03(b) & (c) (1986 & Supp. 1989). Other provisions for grandparental action also are expressly set out by statute. *See* Tex.Fam.Code Ann. §§ 14.03(e), (f), (g); 15.07; 16.09(d) (1986 & Supp.1989). While the statutory scheme assures that grandparents may not be entitled to disrupt the child's family life and initiate suits for managing conservatorship except in limited circumstances, once the child's best interest is before the court and being litigated, the trial court has discretion to determine that intervention by grandparents may enhance the trial court's ability to adjudicate what is in the best interest of the child.

■ In the instant cause, a parent had initiated a suit concerning the child. Each parent had asked to be named managing conservator. Allegations of inappropriate and questionable behavior by both parents had been asserted and evidence presented in open court. Finally, a petition seeking

termination of the father's parental rights had been filed. In this context, the Wattses filed a petition in intervention. The justiciable interest alleged by them was their relationship to the child and their contention that their appointment as managing conservator would be in the child's best interest.

Appellant admitted, in her motion to strike and at the hearing on that motion, that Eva Watts is the child's grandmother. Appellant also admitted at the hearing that, as the child's grandmother, Eva Watts has a justiciable interest in the action, and that her complaint was only to the form of the intervention. The motion to strike further stated that the motion to intervene "was not objected to by Movant as long as a trial was had immediately," but that it had been continued at the request of the guardian ad litem.

Once the child's interest was before the court, the grandparents could seek to intervene. We cannot say that their pleadings were legally insufficient, and no authority cited by appellant supports her assertion that failure to strike the petition constituted error. Appellant has not demonstrated that the trial court abused its discretion by denying the motion to strike and, in light of authority supporting the trial court's decision, we cannot say that the court abused its discretion in permitting intervention.

Appellant includes within this point of error a discussion of constitutional law. We cannot discern a point of error from this discussion. Appellant lodged no constitutional objection in the trial court and, therefore, no error was preserved. To the extent appellant attempts to combine several complaints in point one, the complaint is multifarious. Appellant's first point of error is overruled.

In her second point of error, appellant complains that the trial court abused its discretion by denying her request for attorney's fees "when there was no financial information concerning the parties before the court." The trial court ruled that each party should bear his or her own attorney's fees.

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion; stated the specific grounds therefore; and obtained a ruling. Tex.R.App.P.Ann. 52(a) (Supp. 1989). Appellant did not object in the trial court to its ruling on attorney's fees and, therefore, has not preserved this alleged error for appeal. Furthermore, whether to award any party attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed absent a clear showing that it abused its discretion. *Gawlik v. Gawlik*, 707 S.W.2d 256 (Tex. App.1986, no writ); *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.1977, writ dism'd); *Counts v. Counts*, 358 S.W.2d 192 (Tex. Civ.App.1962, writ dism'd), app. dism'd, 373 U.S. 543, 83 S.Ct. 1549, 10 L.Ed.2d 688 (1963).

As appellant concedes, neither party in a family law proceeding is entitled to an award as a matter of right. *Pharo v. Trice*, 711 S.W.2d 282 (Tex.App.1986, no writ). The trial court is not obliged to award attorney's fees but instead may order each party to pay his own. *Rodriguez v. Rodriguez*, 616 S.W.2d 383 (Tex.Civ.App. 1981, no writ). Even assuming the trial court may err by awarding fees to an "unsuccessful" party absent a showing of good cause, it is not required to award them to the "successful" party, but rather may require the party to bear his own. *Reames v. Reames*, 604 S.W.2d 335 (Tex.Civ.App.1980, no writ). Texas Fam.Code Ann. § 11.18 (1986), which provides for the award of fees in suits affecting the parent-child relationship, is permissive, not mandatory. *Derbonne v. Derbonne*, 555 S.W.2d 507 (Tex.Civ.App.1977, writ dism'd). *See Laviage v. Laviage*, 647 S.W.2d 758 (Tex.App. 1983, no writ). Section 11.18 "authorizes an award of attorney's fees and it permits the taxing of the award as costs, but it does not require that attorney's fees be awarded nor that they be taxed as costs." *Drexel v. McCutcheon*, 604 S.W.2d 430, 433 (Tex.Civ.App.1980, no writ).

Appellant has failed to demonstrate that the trial court abused its discretion by not awarding her fees, and no abuse is shown from the record. *Castillo v. Castillo,* 714 S.W.2d 440 (Tex.App.1986, no writ). Appellant cites no authority for her assertion that the trial court's failure to award her attorney's fees constitutes error. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.