Geraldine SEGOVIA–SLAPE, Relator,

v.

The Honorable Sam M. PAXSON, Judge of the 210th District Court of El Paso County, Texas, Respondent.

No. 08–95–00014–CV.

Court of Appeals of Texas, El Paso.

Jan. 24, 1995.

Hon. Marshall I. Yaker, El Paso, for relator.

Doris Sipes and Mitchell Mickey Esper, El Paso, for respondent.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

McCLURE, Justice.

### NATURE OF THE CASE

This is a motion for leave to file petition for writ of mandamus. The trial court struck the First Amended Petition in Intervention of the paternal aunt in a divorce proceeding in which child custody is in issue. We deny leave to file.

### SUMMARY OF THE EVIDENCE

The Relator, Geraldine Segovia–Slape (the "Aunt"), intervened in the divorce action between Dawn Marie Slape and Leon Russell Slape, seeking appointment as the sole managing conservator of the two children of the marriage, Duane Russell Slape and Ariel Yvonne Slape. Both parents also seek appointment as managing conservator of the children. The Aunt's First Amended Petition in Intervention alleged that the children had "bonded" with the Aunt and that they were residing with her at the time the amended pleading was filed. We note, however, that the Original Petition in Intervention filed by the Aunt made no allegations of bonding and claimed that the children were living with the Aunt's mother. These two pleadings were filed approximately one month apart and we may assume that the children had in fact resided with the Aunt for merely a matter of weeks. We also note that Dawn Marie Slape, the children's mother, asserted in her Motion to Strike the Intervention that to her knowledge, the children had never resided with the Aunt.

On or about November 14, 1994, Dawn Marie Slape moved to strike the Aunt's intervention in the suit, asserting that the Aunt had no standing to intervene. The trial court conducted a hearing on the Motion to Strike on November 18, 1994, during which the Respondent, the Honorable Sam M. Paxson, stated:

[R]eading Mr. Yaker's cases here I think it's purely discretionary on the Court's part to let a person intervene, and it's always been my policy, all the way back, that I don't let anybody intervene in a divorce. I mean, I think everybody's seen me do that for the past twenty-one years. I've never let anybody intervene in a di-

vorce. A divorce is too personal a matter to have other third parties involved.

No evidence was offered at the hearing and the trial court struck the Aunt's plea in intervention.

### DISCUSSION

■ Mandamus is an extraordinary remedy available in limited circumstances and should issue only to correct a clear abuse of discretion or to enforce a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–42 (Tex.1992, orig. proceeding).

■ The Aunt argues that Judge Paxson abused his discretion by striking her Plea in Intervention and by maintaining a policy of never letting a third party intervene in a divorce proceeding. "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R.CIV.P. 60. Generally, an intervenor must show she has standing to maintain a suit in her own right in order to intervene. *McCord v. Watts,* 777 S.W.2d 809, 812 (Tex.App.—Austin 1989, no writ). This showing requires that the intervenor have some present justiciable interest in the subject matter of the suit. *Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex.1982). Intervenors in suits affecting the parent-child relationship ("SAPCR"), however, need not have standing sufficient to institute a SAPCR in their own right. *Harrison v. Harrison,* 734 S.W.2d 737, 740 (Tex.App.—Eastland 1987, no writ); *Yevak v. Yevak,* 713 S.W.2d 164, 165–66 (Tex.App.—Texarkana 1986, no writ); *Young v. Young,* 693 S.W.2d 696, 698 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd); see *Baker v. Ericsson,* 689 S.W.2d 492, 494 (Tex.App.—El Paso 1985, no writ) ("Since the stepgrandmother had raised the child for most of her life, we believe she should have been permitted to intervene. . . ."). The Family Code now allows intervention for possessory conservatorship by "grandparent[s] or other person[s] deemed by the court to have had *substantial past contact* with the child sufficient to warrant standing to do so. . . ." [Emphasis added]. TEX.FAM.CODE ANN. § 11.03(c) (Vernon 1986). This section clearly adopts the rule that an intervenor need not be capable of prosecuting the SAPCR in her own right. *See id.* Furthermore, this relaxed standing rule promotes the overriding policy in all SAPCR suits, that of protecting the best interest of the child. TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1995); *see, e.g., Yevak,* 713 S.W.2d at 165–66. ("There is a significant distinction between someone who initiates a suit and someone who intervenes in a suit. . . . A grandparent's intervention may enhance the trial court's ability to adjudicate the cause in the best interests of the child."); *Young,* 693 S.W.2d at 698. ("[I]ntervention under these circumstances may enhance the trial court's ability to adjudicate the cause in the best interests of the child."). Therefore, it is clear that persons who can demonstrate sufficient interest in the child can intervene in a divorce proceeding in which managing conservatorship is in issue, even if they cannot institute an original SAPCR. *McCord,* 777 S.W.2d at 812; *Young,* 693 S.W.2d at 698.

■ The trial court may determine a party's justiciable interest on the basis of the sufficiency of the petition in intervention. *McCord,* 777 S.W.2d at 812. The sufficiency of the petition is tested by the allegations of fact on which the right to intervene is predicated, and the court may strike the petition if no sufficient interest is alleged. *See id.* In making a determination as to the sufficiency of the allegations, the trial court should also consider the allegations of fact set forth in the pleadings of the other parties. *Id.* As a result, the right to intervene is subject to the trial court's wide discretion. *See id; Rogers v. Searle,* 533 S.W.2d 440, 442 (Tex.Civ. App.—Corpus Christi 1976, no writ).

In the hearing on Dawn Marie Slape's Motion to Strike, the Aunt produced no evidence of her contact with the children. Her pleadings alleged that at the time of the original intervention, the children resided with the Aunt's mother. At the time of the amended petition, the Aunt alleged that the children were residing with her. However, at least one of the other parties denied this allegation. Even if we assume the Aunt's allegations are to be taken as true, her own pleadings document a short-term living ar-

rangement of but a few weeks. Based upon the Aunt's failure to adduce any other evidence of substantial past contact, we cannot say that the trial court clearly abused its discretion. Leave to file the petition for writ of mandamus must be denied.

 We caution, however, that our denial of leave should not be considered approval or condonation of the trial court's stated "policy" precluding all interventions in divorce proceedings. The law is clear that intervention in suits affecting the parent-child relationship is appropriate upon a proper factual showing; standing sufficient to institute an independent SAPCR is not required. The trial court's concern for the privacy of the parties is subordinate to the best interest of the children in such a proceeding.