TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00552-CV






Thomas Retzlaff, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 163,774-B, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Appellant Thomas Retzlaff pro se complains that the district court abused its
discretion by striking his petition in intervention and erred by declaring his petition frivolous
under section 9.012 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 9.012 (West Supp. 2000). We will affirm in part and reverse and render in part the
district court's order.


Background


 In January 1998, following a jury trial, the district court terminated the parent-child
relationship between appellant and his two children. The district court severed Retzlaff's
termination order from the on-going proceeding to determine conservatorship for the children.
Retzlaff appealed the termination order. This Court upheld the termination and the supreme court
denied Retzlaff's petition for review. See Retzlaff v. Texas Dep't of Protective & Regulatory
Servs., No. 03-98-201-CV (Tex. App.--Austin July 29, 1999, pet. denied) (not designated for
publication). While Retzlaff was appealing the termination order, he filed a petition in
intervention in the on-going conservatorship proceeding. The Texas Department of Protective and
Regulatory Services, a party to the conservatorship proceeding, moved to strike Retzlaff's
intervention and asked the district court to declare his petition frivolous under section 9.012 of
the Civil Practice and Remedies Code. The district court held a hearing on the Department's
motion, struck Retzlaff's intervention, and declared his petition frivolous. After the district court
rendered a final order appointing a conservator for the children, Retzlaff appealed complaining
that the district court erred in striking his petition in intervention and declaring his petition
frivolous.


Intervention


 In his third issue, Retzlaff contends that the district court abused its discretion in
striking his petition in intervention.

 Any party may intervene by filing a pleading, subject to being stricken by the court
for sufficient cause on the motion of any party. Tex. R. Civ. P. 60. Generally, an intervenor
must show standing to maintain a suit in its own right. See McCord v. Watts, 777 S.W.2d 809,
812 (Tex. App.--Austin 1989, no writ). This showing requires that the intervenor have some
present justiciable interest in the subject matter of the suit. See Mendez v. Brewer, 626 S.W.2d
498, 499 (Tex. 1982). The trial court may determine a party's justiciable interest based on the
allegations in the intervention petition. McCord, 777 S.W.2d at 812. The court may strike the
petition if a sufficient interest is not alleged. Id. Additionally, in determining a party's justiciable
interest, the trial court may consider the allegations of fact set forth in the pleadings of the other
parties. Id. As a result, the right to intervene is subject to the trial court's discretion. Id.;
Rogers v. Searle, 533 S.W.2d 440, 442 (Tex. Civ. App.--Corpus Christi 1976, no writ). The
district court abuses its discretion only if it acts without reference to any guiding rules and
principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex. 1985);
Saldana v. Saldana, 791 S.W.2d 316, 320 (Tex. App.--Corpus Christi 1990, no writ).

 Retzlaff contends that under the Texas Family Code sections 102.003(9) and
102.004(b), he was entitled to maintain a suit in intervention. See Tex. Fam. Code Ann.
§§ 102.003(9), (1) 102.004(b) (West Supp. 2000).


Family Code section 102.003(9)

 In his petition, Retzlaff alleged that because he "had actual care, custody, control,
and possession of [the] children for a period of not less than six months preceding the date of the
filing of the petition" he had the right to intervene in the custody suit. See id. at § 102.003(9).

 At the hearing on the motion to strike, the Department presented evidence
establishing that Retzlaff had in fact been incarcerated since October 23, 1997. Retzlaff filed his
petition in intervention on August 4, 1998. Consequently, as the district court determined, it was
physically impossible for Retzlaff to have had actual care, custody, control or possession of the
children for "a period of not less than six months preceding the filing of his petition."

Family Code section 102.004(b)

 Alternatively, in his petition, Retzlaff alleged that he had a right to intervene in the
custody proceeding because he had had substantial past contact with the children and that it was
in the children's best interest that he be appointed managing conservator or in the alternative
possessory conservator.

 The Family Code provides that in suits affecting the parent-child relationship two
types of parties, grandparents and "person[s] deemed by the court to have had substantial past
contact with the child[ren]," may intervene and are not required to have standing sufficient to
institute a parent-child suit in their own right. See id. at § 102.004(b); Segovia-Slape v. Paxson,
893 S.W.2d 694, 696 (Tex. App.--El Paso 1995, no writ). Retzlaff contends that under this
statutory provision, because he had substantial past contact with the children, the district court
erred by striking his intervention petition.

 First, we note that the statutory language indicates that the trial court may allow
a person with past contact to intervene but it is not required to do so. See Tex. Fam. Code Ann.
§ 102.004(b). Second, at the time Retzlaff filed the intervention, his parental rights to the
children had been terminated. Although Retzlaff was appealing the termination order at the time
he filed his petition in intervention, under Texas law the termination order was nevertheless final
and binding for purposes of issue preclusion during his appeal. See Scurlock Oil Co. v.
Smithwick, 724 S.W.2d 1, 6 (Tex. 1986). Additionally, absent an express order by the trial or
appellate court, an appeal from a final order terminating parental rights does not suspend the
order. See Tex. Fam. Code Ann. § 109.002(c) (West Supp. 2000). Neither the trial court nor
this Court has rendered an order suspending the order that terminated Retzlaff's parental rights. 
When deciding who would be parties to the custody proceeding, it was certainly appropriate for
the district court to consider that Retzlaff's parental rights to the children had been terminated.

 We hold that the district court did not abuse its discretion in striking Retzlaff's
petition in intervention. We overrule Retzlaff's third issue.


Declaration that Retzlaff's Intervention was Frivolous


 In his fifth issue, Retzlaff contends that the district court erred in declaring his
petition in intervention frivolous under Texas Civil Practice and Remedies Code section 9.012. 
See Tex. Civ. Prac. & Rem. Code Ann. § 9.012 (West Supp. 2000). We agree.

 Chapter 9 of the Civil Practice and Remedies Code expressly applies to an action
in which a claimant seeks damages for personal injury, property damage, death or any other
damages resulting from tortious conduct. See Tex. Civ. Prac. & Rem. Code Ann. § 9.004 (West
Supp. 2000). Retzlaff's attempted intervention in a suit affecting the parent-child relationship did
not raise a claim for damages within the purview of chapter 9 of the Civil Practice and Remedies
Code. We sustain Retzlaff's fifth issue. We reverse the district court's finding that Retzlaff's
petition in intervention was frivolous under section 9.012 and render judgment that the
Department take nothing on its request to find his petition frivolous.


Conclusion


 Having addressed the dispositive issues in Retzlaff's appeal, we need not address
his remaining issues. We affirm the district court's order striking Retzlaff's petition in
intervention, reverse the district court's finding that his petition was frivolous under section 9.012
of the Civil Practice and Remedies Code, and render a take-nothing judgment on the 
Department's request to find Retzlaff's petition frivolous.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed in Part; Reversed and Rendered in Part

Filed: March 2, 2000

Do Not Publish

1.   The version of section 102.003(9) applicable to this cause may be found at Act of May 19,
1997, 75th Leg., R.S., ch. 575, § 3, 1997 Tex. Gen. Laws 2012, 2013. For convenience, we
will cite to the current statute.


determined, it was
physically impossible for Retzlaff to have had actual care, custody, control or possession of the
children for "a period of not less than six months preceding the filing of his petition."

Family Code section 102.004(b)

 Alternatively, in his petition, Retzlaff alleged that he had a right to intervene in the
custody proceeding because he had had substantial past contact with the children and that it was
in the children's best interest that he be appointed managing conservator or in the alternative
possessory conservator.

 The Family Code provides that in suits affecting the parent-child relationship two
types of parties, grandparents and "person[s] deemed by the court to have had substantial past
contact with the child[ren]," may intervene and are not required to have standing sufficient to
institute a parent-child suit in their own right. See id. at § 102.004(b); Segovia-Slape v. Paxson,
893 S.W.2d 694, 696 (Tex. App.--El Paso 1995, no writ). Retzlaff contends that under this
statutory provision, because he had substantial past contact with the children, the district court
erred by striking his intervention petition.

 First, we note that the statutory language indicates that the trial court may allow
a person with past contact to intervene but it is not required to do so. See Tex. Fam. Code Ann.
§ 102.004(b). Second, at the time Retzlaff filed the intervention, his parental rights to the
children had been terminated. Although Retzlaff was appealing the termination order at the time
he filed his petition in intervention, under Texas law the termination order was nevertheless final
and binding for purposes of issue preclusion during his appeal. See Scurlock Oil Co. v.
Smithwick, 724 S.W.2d 1, 6 (Tex. 1986). Additionally, absent an express order by the trial or
appellate court, an appeal from a final order terminating parental rights does not suspend the
order. See Tex. Fam. Code Ann. § 109.002(c) (West Supp. 2000). Neither the trial court nor
this Court has rendered an order suspending the order that terminated Retzlaff's parental rights. 
When deciding who would be parties to the custody proceeding, it was certainly appropriate for
the district court to consider that Retzlaff's parental rights to the children had been terminated.

 We hold that the district court did not abuse its discretion in striking Retzlaff's
petition in intervention. We overrule Retzlaff's third issue.


Declaration that Retzlaff's Intervention was Frivolous


 In his fifth issue, Retzlaff contends that the district court erred in declaring his
petition in intervention frivolous under Texas Civil Practice and Remedies Code section 9.012. 
See Tex. Civ. Prac. & Rem. Code Ann. § 9.012 (West Supp. 2000). We agree.

 Chapter 9 of the Civil Practice and Remedies Code expressly applies to an action
in which a claimant seeks damages for personal injury, property damage, death or any other
damages resulting from tortious conduct. See Tex. Civ. Prac. & Rem. Code Ann. § 9.004 (West
Supp. 2000). Retzlaff's attempted intervention in a suit affecting the parent-child relationship did
not raise a claim for damages within the purview of chapter 9 of the Civil Practice and Remedies
Code. We sustain Retzlaff's fifth issue. We reverse the district court's finding that Retzlaff's
petition in intervention was frivolous under section 9.012 and render judgment that the
Department take nothing on its request to find his petition frivolous.


Conclusion


 Having addressed the dispositive issues in Retzlaff's appeal, we need not address
his remaining issues. We affirm the district court's order striking Retzlaff's petition in
intervention, reverse the district court's finding that his petition