# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00391-CV

**Cherise Jackson, Appellant**

**v.**

**Stephanie Wright, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-09-002672, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the district court's order striking, for lack of standing, a petition in intervention in a suit affecting the parent-child relationship (SAPCR). The single issue presented on appeal is whether the trial court properly concluded that the intervenor, appellant Cherise Jackson, lacked the "actual control" over her step-granddaughter K.S. that is required by the family code provision under which Jackson asserted standing to intervene. *See* Tex. Fam. Code Ann. § 102.003(a)(9) (West 2008). Because Jackson's pleadings allege unchallenged facts that affirmatively demonstrate her standing, we will reverse the order of the district court and remand the case for further proceedings.

## BACKGROUND

K.S.'s father initiated these proceedings in May 2009 by filing an original SAPCR against K.S.'s mother, appellee Stephanie Wright, alleging that Wright had committed family violence and seeking appointment as K.S.'s sole managing conservator.[1] Wright responded by alleging that K.S.'s father had committed family violence, seeking a protective order against him, and requesting that she be appointed K.S.'s sole managing conservator. Wright's application for protective order was denied.

The Texas Department of Family and Protective Services (DFPS) became involved with the parties and these proceedings shortly thereafter when it received the first of several reports, including one from Dell Children's Medical Center, that Wright had physically neglected and neglectfully supervised K.S. and her half sister.[2] DFPS assigned a case worker to investigate the allegations and generally monitor the situation. The case worker generated at least two reports in this matter, both of which were filed with the district court and are part of the appellate record.

After a hearing in early September 2009, at which K.S.'s court-appointed guardian ad litem testified, the district court ordered that K.S. be removed from Wright and placed with Jackson, her paternal step-grandmother, so that Wright could participate in DFPS's family-based

---

[1] The facts stated in this opinion are taken, for the most part, from the facts included in Jackson's brief to this Court, which we must accept as true because Wright did not file a response brief. *See* Tex. R. App. P. 38.1(g). When needed and to the extent that they were available from the limited record provided to this Court, we have also taken facts from the record.

[2] K.S.'s half sister is not involved in this proceeding.

safety services.[3] The record indicates and Jackson's brief to this Court asserts that K.S. was placed with Jackson on September 2, 2009, but Jackson's petition in intervention asserts that it was October 22, 2009. Wright was allowed visitation while K.S. lived with Jackson, but after some additional alleged incidents, including Wright's failure to properly supervise K.S., the district court ordered that Wright's other child, K.S.'s half sister, also be placed with Jackson. Around this time, DFPS intervened in the case and was appointed temporary managing conservator of K.S. and her half sister.

On April 5, 2010, the district court issued additional temporary orders that K.S. be returned to Wright. According to Jackson, K.S. was returned to Wright "probably . . . at the April 5, 2010 hearing." One month later, Jackson filed her "Second Amended Petition In Intervention" in the SAPCR, seeking appointment as K.S.'s joint managing conservator and possession of and access to K.S. In that petition, Jackson asserted standing under family code section 102.003(a)(9). *See* Tex. Fam. Code Ann. § 102.003(a)(9) (granting standing to file an original SAPCR to "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition"). Wright filed a motion to strike Jackson's intervention, arguing, among other things, that Jackson lacked a "justiciable interest in this suit" because K.S. was "placed with [Jackson] pursuant to [DFPS] direction and Court order" and because Wright "placed [K.S.] with

---

[3] DFPS's Child Protective Services Division "provides family-based safety and family reunification services for families" to protect children from abuse and neglect, help the family reduce the risk of abuse or neglect, and either avert removal of children from their homes or make it possible for children to return home. *See* 40 Tex. Admin. Code § 700.701(a) (2011) (Department of Family & Protective Servs., Services to Families).

3

[Jackson] to comply with [DFPS's] recommendation and Court Order." Wright further emphasized in her motion that she had "not abdicated her parental duties."

At the hearing on Wright's motion to strike, neither party presented evidence regarding Jackson's standing to intervene, although the district court took judicial notice of the court's file. After the hearing, the district court sustained Wright's motion and struck Jackson's petition in intervention:

> The Court finds that Intervenor . . . JACKSON has NOT had actual "care, control, and possession" of the subject child, [K.S.,] for at least six months ending not more than 90 days preceding the date of the filing of the petition. Specifically, the Court finds that . . . JACKSON lacked "control" of the child for the purposes of Texas Family Code § 102.003(a)(9).

(Emphasis in original.) It is from this order that Jackson appeals.

## DISCUSSION

In a single issue, Jackson asserts that the district court erred in striking her petition in intervention on the ground that Jackson did not have "control" of K.S. as required by family code section 102.003(a)(9).

**Standard of review**

We review a trial court's decision to strike an intervention for an abuse of discretion. *See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), and reaches a decision

4

so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 780, 800 (Tex. 2002). We review a trial court's ruling on a question of law de novo, however, because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts," *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), and therefore "abuses its discretion" if it misinterprets or misapplies the law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *Walker*, 827 S.W.2d at 840.

In the present case, the district court granted Wright's motion to strike on the ground that Jackson did not have the requisite control over K.S. to establish standing under section 102.003(a)(9) of the family code. *See* Tex. Fam. Code Ann. § 102.003(a)(9); *see also McCord v. Watts*, 777 S.W.2d 809, 812 (Tex. App.—Austin 1989, no writ) (holding that a party seeking to intervene in litigation must show that he has standing—i.e., a justiciable interest—to bring the suit on his own). Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). As with other issues implicating subject-matter jurisdiction, analysis of whether a party has standing begins with the petitioner's live pleadings. *See Good Shepherd Med. Ctr., Inc. v. State*, 306 S.W.3d 825, 831 (Tex. App.—Austin 2010, no pet.) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004)). The petitioner has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 225-26 (citing *Texas Ass'n of Bus.*, 852 S.W.2d at 446). We must also consider evidence the parties presented below that is relevant to the jurisdictional issues, *Bland Independent School District v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000), including any

5

evidence that a party has presented to negate the existence of facts alleged in the petitioner's pleading. *See Miranda*, 133 S.W.3d at 227; *see also Combs v. Entm't Publ'ns, Inc.*, 292 S.W.3d 712, 719 (Tex. App.—Austin 2009, no pet.) (summarizing different standards governing evidentiary challenges to the existence of pleaded jurisdictional facts where such facts implicate both jurisdiction and the merits versus where they implicate only jurisdiction). If the facts relevant to jurisdiction are undisputed, as they are here, the jurisdictional determination is a matter of law that we review de novo based solely on those undisputed facts. *See Miranda*, 133 S.W.3d at 228; *Combs*, 292 S.W.3d at 719.

**Standing under family code section 102.003(a)(9)**

Jackson asserted in her petition that she had standing to intervene in the SAPCR under family code section 102.003(a)(9). *See* Tex. Fam. Code Ann. § 102.003(a)(9). Specifically, Jackson alleged that K.S. was placed with her on October 22, 2009 and that she "had actual care, control, and possession of [K.S.] for at least six months ending not more than 90 days preceding the date of the filing of [her] petition [in intervention]." *See id.* Thus, Jackson's petition in intervention alleged facts sufficient to affirmatively demonstrate that she had standing to intervene in K.S.'s SAPCR. *See Miranda*, 133 S.W.3d at 227-28; *In re J.J.J.*, No. 14-08-01015-CV, 2009 WL 4613715, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2009, no pet.) (mem. op.); *see also Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515-16 & n.7 & 8 (Tex. App.—Austin 2010, no pet.) (emphasizing need to plead facts to affirmatively demonstrate subject-matter jurisdiction, not merely legal conclusions). It was then incumbent on Wright to contest Jackson's intervention, which she did by filing a motion to strike. *See In re Union Carbide*

6

*Corp.*, 273 S.W.3d 152, 154-55 (Tex. 2008) (orig. proceeding) (citing *Horseshoe Operating Co.*, 793 S.W.2d at 657) (noting that intervention is "allowed as a matter of right," but "parties to the case may protect themselves from the intervention by filing a motion to strike").

Wright's motion, although it asserted that Jackson's petition should be struck on the ground that Jackson lacks a justiciable interest in the case, did not challenge any of Jackson's factual allegations regarding standing under section 102.003(a)(9), including the allegation that K.S. had lived with her step-grandmother since October 2009. Instead, relying on *In re M.J.G.*, 248 S.W.3d 753, 758-59 (Tex. App.—Fort Worth 2008, no pet.), Wright argued that Jackson did not have standing under family code section 102.003(a)(9) because Wright had been required to place K.S. with Jackson to comply with DFPS's recommendation and the district court's order and because Wright had never "abdicated her parental duties." Wright also asserted that she had visitation with K.S., participated in family services with K.S., attended K.S.'s weekly therapy, and had begun exercising extended visitation with K.S. The district court, presumably persuaded by Wright's argument regarding her own involvement with K.S., found that Jackson lacked the control of K.S. required by section 102.003(a)(9).

As we recently held in *Jasek v. Texas Department of Family & Protective Services*, however, nothing in section 102.003(a)(9) requires that a "parent or conservator have relinquished rights over a child" for another person to exercise "actual control" over that same child. *See* —S.W.3d—, No. 03-10-00812-CV, 2011 WL 3659312, at * 10 (Tex. App.—Austin Aug. 17, 2011, no pet. h.). In fact, we specifically held in *Jasek* that the determination of whether a person had "actual control" of a child under section 102.003(a)(9) should be made without regard to whether a parent or conservator of that child had relinquished their rights or had retained the

7

authority to exercise legal control over the child. *See id.* at *12 (relying on the plain language of the statute). As a result, Wright's assertions here regarding her actions in this matter, even if true, do not affect whether *Jackson* had "actual care, control, and possession of [K.S.] for at least six months" since October 2009 and not "ending . . . more than 90 days preceding the date of the filing of [her] petition [in intervention]." *See* Tex. Fam. Code Ann. § 102.003(a)(9). And in the absence of a challenge to the contrary, Jackson's allegations in her petition that she had "actual care, control, and possession" of K.S. since October 2009 established her standing as a matter of law. *See Jasek*, 2011 WL 3659312, at * 10-12.; *see also Miranda*, 133 S.W.3d at 227; *In re J.J.J.*, 2009 WL 4613715, at *2. Accordingly, in light of this Court's recent interpretation of section 102.003(a)(9) in *Jasek*, the trial court here abused its discretion by finding that Jackson did not have standing under family code section 102.003(a)(9) on the ground that she "lacked 'control'" of K.S. We sustain Jackson's issue.

## CONCLUSION

We reverse the district court's order granting Wright's motion to strike and remand the case to the district court for further proceedings consistent with this opinion.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed:   August 31, 2011

8