

# NUMBER 13-25-00139-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TRISURA INSURANCE COMPANY, EAGLE 1 ADJUSTING LLC, AND THOMAS WALTER THEOPHILUS MARETZKI

## ON PETITION FOR WRIT OF MANDAMUS

## OPINION

**Before Justices Silva, Peña, and Fonseca**
**Opinion by Justice Peña[1]**

By petition for writ of mandamus, relators Trisura Insurance Company (Trisura),

Eagle 1 Adjusting LLC (Eagle 1), and Thomas Walter Theophilus Maretzki contend that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

the trial court[2] abused its discretion by: (1) striking their plea in intervention; (2) denying their motions to dismiss Eagle 1 and Maretzki from the lawsuit; and (3) denying Eagle 1's motions to quash and for protective relief from depositions. We conditionally grant mandamus relief in part and deny it in part.

## I. BACKGROUND

Real party in interest Maria De La Luz Selvera is the named insured on a property insurance policy issued by Trisura. Asserting that her home sustained extensive damage from a storm, Selvera submitted a property damage claim to Trisura. Trisura, acting through its third-party administrator, Wellington Claim Service, LLC (Wellington), assigned Eagle 1 and its adjuster Maretzki to inspect Selvera's property and investigate her claim. Trisura thereafter determined that part of Selvera's claim relating to wind damage to her roof and collateral damage to her fence was covered by her insurance policy, but wear and tear damages to her roof, interior damages resulting from wind driven rain, and interior damages resulting from other sources were not covered. On September 8, 2023, Selvera's counsel contacted Wellington for additional information, and thereafter sent a presuit notice and demand letter to Maretzki.

On March 14, 2024, Selvera filed suit against Eagle 1 and Maretzki alleging that they failed to properly investigate and adjust her property damage claim. Selvera asserted causes of action against them for negligence, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Selvera did not name Trisura as a defendant in her lawsuit.

---

[2] This original proceeding arises from trial court cause number CL-24-1211 in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id.* R. 52.2.

On April 5, 2024, Wellington informed Selvera's counsel that Trisura elected to assume whatever liability that its agents might have to her under § 542A.006 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 542A.006 (governing an insurer's election of legal responsibility in an action against its agents). Wellington also informed Selvera's counsel that Trisura invoked its right to appraisal under the insurance policy.

On January 27, 2025, Trisura filed a plea in intervention in Selvera's lawsuit against Eagle 1 and Maretzki. Trisura alleged that it issued Selvera's insurance policy; hired Eagle 1 and Maretzki to inspect Selvera's property; found partial coverage for Selvera's claim; and issued payment to her minus her deductible and depreciation. Trisura argued that Selvera's claims were either its sole responsibility or a responsibility that it shared with Eagle 1 and Maretzki. Trisura explained that it was the only party liable under the insurance policy and that all Selvera's claims arose from her contention that she was wrongfully underpaid under the policy. Trisura also alleged that it had previously elected to accept whatever liability its agents, including Eagle 1 and Maretzki, had to Selvera under § 542A.006 of the Texas Insurance Code. *See id.* In this pleading, Trisura reiterated its election to assume its agents' responsibility.

That same day, on January 27, 2025, Trisura filed a motion to dismiss Selvera's causes of action against Eagle 1 and Maretzki with prejudice on grounds that it had elected to assume whatever liability Eagle 1 and Maretzki had to Selvera pursuant to § 542A.006. *See id.* Eagle 1 and Maretzki filed a separate motion to dismiss the claims against them on this same basis. *See id.*

On January 28, 2025, Selvera filed notices of intent to take the oral depositions of Maretzki and a corporate representative for Eagle 1. On January 31, 2025, Maretzki and

3

Eagle 1 filed motions to quash these depositions and for protective relief on grounds that, *inter alia*, the lawsuit against them should be dismissed.

On January 31, 2025, Selvera filed a third amended petition in the case. This third amended petition omits Selvera's negligence claims and clarifies that she "is seeking only tort claims" against Eagle 1 and Maretzki, that "no breach of contract claims are alleged or sought," and that she is not "seeking any form of 'policy benefits' or asserting entitlement to same in any manner or way."

On February 7, 2025, Selvera filed an "Emergency Motion to Compel Depositions and for Sanctions." Selvera sought to compel the depositions of Maretzki and Eagle 1's corporate representative and for sanctions against them based on their refusal to participate in discovery.

On February 18, 2025, Selvera filed a motion to strike Trisura's plea in intervention and response to its motion to dismiss. Selvera alleged that she had "expressly limited" her claims to include only those against the adjusters "for their individual tortious conduct." She explained that she had not asserted any claims for policy benefits or payment under the policy. Selvera thus alleged that "Trisura cannot manufacture a controversy by attempting to intervene in pure tort claims against individual adjusters." Selvera further argued that Trisura could not rely on § 542A.006 to support its plea in intervention and the motions to dismiss because that section only applied to instances in which the insurer was a party to the lawsuit. Selvera thus requested the trial court to strike Trisura's plea in intervention and deny the motions to dismiss.

On February 19, 2025, Eagle 1 and Maretzki filed a response to Selvera's emergency motion to compel depositions and for sanctions; Trisura filed a response to

4

Selvera's motion to strike its intervention; and Selvera filed a supplemental reply to Trisura's response.

On February 20, 2025, the trial court held a hearing on Selvera's emergency motion to compel depositions and for sanctions. That same day, the trial court signed separate orders denying Maretzki and Eagle 1's motions to quash and for protective relief. On March 3, 2025, the trial court held a hearing on Selvera's motion to strike Trisura's intervention and the motions to dismiss. On March 13, 2025, the trial court signed an order granting Selvera's motion to strike Trisura's plea in intervention; denying Trisura's motion to dismiss as moot on grounds it was "not a proper intervenor"; and denying Eagle 1 and Maretzki's motion to dismiss.[3]

On March 26, 2025, relators filed this petition for writ of mandamus and a motion to stay. *See* TEX. R. APP. P. 52.10. We granted the motion to stay, stayed the proceedings below, and requested Selvera to file a response to the petition for writ of mandamus. Selvera filed a response to the petition for writ of mandamus and relators filed a reply thereto. *See id.* R. 52.4, 52.5, 52.8.

---

[3] The trial court's March 13, 2025 order addresses other matters as well. On February 18, 2025, Selvera filed a traditional motion for summary judgment against Trisura on grounds that Trisura had no right to appraisal under the insurance policy, and on March 6, 2025, Trisura filed a response thereto. The trial court's order of March 13, 2025, in part, grants Selvera's traditional motion for summary judgment regarding appraisal. Trisura does not address the merits of that ruling in this petition for writ of mandamus. However, shortly after Selvera filed this lawsuit, Trisura pursued its right to appraisal in a separate lawsuit in Cause No. C-2096-24-J in the 430th District Court of Hidalgo County, Texas. That court denied Trisura's motion to compel appraisal. Trisura assailed that ruling by petition for writ of mandamus filed in our appellate cause number 13-25-00102-CV, and we have conditionally granted mandamus relief in that case by separate memorandum opinion issued this same date. *See In re Trisura Ins.*, No 13-25-00102-CV, 2025 WL ___, at *__ (Tex. App.—Corpus Christi–Edinburg July 25, 2025, orig. proceeding) (mem. op.). We expect the respondent in this case to revisit that portion of its March 13, 2025 ruling granting Selvera's motion for summary judgment regarding appraisal in accordance with our decision in that related case.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

## III.    PLEA IN INTERVENTION

In their first issue, relators assert that the trial court abused its discretion by denying Trisura's plea in intervention and granting Selvera's motion to strike the intervention. They allege that Trisura has a justiciable interest in the underlying lawsuit because: w

    a.     Trisura's rights and duties will be affected by a judgment against Eagle 1 because Trisura accepted any liability Eagle 1 may have pursuant to Texas Insurance Code Section 542A.006;

    b.     Selvera is attempting to adjudicate coverage and liability disputes under Trisura's Policy, while excluding Trisura from participating in the lawsuit;

    c.     Trisura is the only one that can enforce the terms and conditions of the Policy and its liability is affected by any judgment in the underlying case; and

    d.     Trisura has invoked its right to appraisal under the Policy to determine the amount of the loss and whether any additional policy benefits may be owed to Selvera. Payment of the appraisal award will render Selvera's claims against Eagle 1 for "bad faith" moot.

In response, Selvera argues that Trisura lacks a justiciable interest in the suit because it could not be held liable to her, despite its election, if she were to recover against Eagle 1 and Maretzki because she has expressly disavowed any claims for breach of contract or policy benefits.

## A.     Intervention

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). A party opposing the plea in intervention has the burden to challenge it by filing a motion to strike. *Id.*; *see Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.). If a motion to strike is filed, the intervenor has the burden to show that it possesses a justiciable interest in the suit. *Nghiem*, 567 S.W.3d at 721; *In re Union Carbide Corp.*, 273 S.W.3d at 155; *Mass. Bay Ins.*, 615 S.W.3d at 602.

An intervenor possesses a justiciable interest when it "could have brought the same action, or any part thereof, in [its] own name, or, if the action had been brought against [it], [it] would be able to defeat recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.). A justiciable interest is comparable to an interest that is "essential for a party to maintain or defend an action." *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018,

no pet.) (quoting *McCord v. Watts*, 777 S.W.2d 809, 811 (Tex. App.—Austin 1989, no writ)); *see J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.). In general terms, a party may intervene when its interests will be affected by the litigation. *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). The intervenor's interest may be legal or equitable in nature. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *Williamson*, 554 S.W.3d at 66. However, the interest may not be merely contingent or remote. *Williamson*, 554 S.W.3d at 56; *Smith*, 523 S.W.3d at 241; *Law Offices of Windle Turley, P.C.*, 109 S.W.3d at 70.

We review the trial court's ruling on a motion to strike an intervention for an abuse of discretion. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Williamson*, 554 S.W.3d at 66; *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.). The trial court's discretion is "broad" but not unlimited. *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66. The trial court must grant a motion to strike if the intervenor fails to establish a justiciable interest in the lawsuit. *In re Union Carbide*, 273 S.W.3d at 156; *see Williamson*, 554 S.W.3d at 66. Concomitantly, it is an abuse of discretion to strike a plea in intervention when: (1) the intervenor could have brought the same action or a part thereof in its own name or the intervenor would be able to defeat recovery or a part thereof; (2) allowing the intervention "will not complicate the case by an excessive multiplication of the issues"; and (3) "the intervention is almost essential to effectively protect the intervenor's interest." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *see Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243.

8

Although most interventions involve parties who intervene as plaintiffs, "intervenors can occupy the position of a defendant where their claims and prayer align them with the defendant and pit them directly against the plaintiff, even if no parties assert claims against them." *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig. proceeding). When "a judgment for the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice the intervenor, the intervention is necessary to assure a proper defense against the claim." *Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 797 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *see Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 234 (Tex. App.—Texarkana 1998, no pet.); *see also De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *3 (Tex. App.—Tyler Oct. 31, 2023, no pet.) (mem. op.). This holds true even when the intervenor has not or could not be sued directly. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234; *see also De La Rosa*, 2023 WL 7178022, at *3.

## B.    Texas Insurance Code § 542A.006

Trisura asserts in part that it possesses a justiciable interest in the case because it has accepted any liability that Eagle 1 and Maretzki might have to Selvera under Texas Insurance Code § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006. Selvera argues in contrast that § 542A.006 does not apply to this case because Trisura is not a party to the action at issue. The parties' arguments on this issue principally concern the proper construction of the insurance code, which is a question of law we consider de novo. *GEO Group, Inc. v. Hegar*, 709 S.W.3d 585, 591 (Tex. 2025). "We look first and foremost to the plain and common meaning of the statute's or rule's words in context." *Id.*

9

Texas Insurance Code Chapter 542A applies to actions involving first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2), .002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam). Subject to certain limitations that are not applicable here, this section provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE ANN. § 542A.006(a); *see id.* § 542A.006(h) (providing an exception for insurers who are in receivership). The insurer may not revoke this election, and a court may not nullify it. *Id.* § 542A.006(f).

If the insurer makes such an election *before* the claimant files the action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). If the insurer makes the election *after* the claimant files suit, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election "is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omission." *Id.* § 542A.006(e). In any event, if the insurer makes the election and

> the agent is not a party to the action, evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence, the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and a judgment against the insurer must include any liability that would have been assessed against the agent.

*Id.* § 542A.006(g). "In an action tried by a jury, an insurer's election . . . may not be made known to the jury." *Id.* § 542A.006(i).

Selvera argues that the language of subsection (a) of this section, referring to "an insurer that is a party to the action" requires an insurer to be a party to the lawsuit to make such an election, and here, Trisura is not a party to her lawsuit. Selvera contends that adopting any other interpretation of § 542A.006 would extinguish the right to hold adjusters independently liable for their acts and omissions. We have previously rejected the argument that an insurer must be a party to the case to make an election under § 542A.006. *See In re Certain Underwriters at Lloyd's, London*, No. 13-25-00088-CV, 2025 WL 1914403, at *5 (Tex. App.—Corpus Christi–Edinburg July 11, 2025, orig. proceeding). We reasoned that although

> subsection (a) of § 542A.006 states that "an insurer that is a party to the action may elect to accept" its agents' liability, subsection (b) explicitly allows an insurer to make an election "before a claimant files an action," and, accordingly, § 542A.006 does not apply only to insurers who are named defendants in a lawsuit.

*Id.* (citing TEX. INS. CODE ANN. § 542A.006(b)). We also determined that this interpretation does not extinguish causes of action against insurance agents,[4] because the election procedure under § 542A.006 instead shifts liability for those causes of action to the insurer. *See id.* (citing TEX. INS. CODE ANN. § 542A.006). We review the propriety of Trisura's intervention accordingly.

## C. Analysis

We examine the factual allegations in the parties' pleadings to determine whether Trisura has a justiciable interest in the lawsuit. *Williamson*, 554 S.W.3d at 66–67; *Smith*,

---

[4] Adjusters engaged in the business of insurance may be held individually liable. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, at 944–45 (S.D. Tex. 2019).

11

523 S.W.3d at 241; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243. In her third amended petition, Selvera alleges that Eagle 1 and Maretzki failed to reasonably investigate her claim, misrepresented material facts regarding insurance coverage and the scope of loss, committed various violations of the Texas Insurance Code, and violated the Texas Deceptive Trade Practices Act. Selvera alleged, in part, that her "claim was improperly adjusted, inadequately paid, and wrongfully denied." She clarified that she was "seeking only tort claims against [Eagle 1 and Maretzki] as no breach of contract claims are alleged or sought herein, nor is [she] seeking any form of 'policy benefits' or asserting entitlement to same in any manner or way." Selvera thus stated that the damages that she sought were "independent of any claim for policy benefits."

Trisura's plea in intervention alleged that it issued Selvera's insurance policy; it hired Eagle 1 and Maretzki to inspect Selvera's alleged damages; and it made the claim determination. Trisura argued that Eagle 1 and Maretzki had no contractual relationship with Selvera, whereas it did, and it had elected to accept whatever liability that they had to Selvera under § 542A.006, and thus it had an interest in defending against Selvera's claims.

On similar facts, we held that the trial court abused its discretion by refusing to allow insurers to intervene in a lawsuit filed by their insureds against the insurance agents. *See In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6. There, after examining the pleadings, we considered that a judgment in favor of the insureds would likely lead to an action against the insurers because the insurers had elected to accept their agents' liability under § 542A.006. *See id.* at *6 (citing TEX. INS. CODE ANN. § 542A.006(a), (b)). We noted that if the insureds had filed suit against their insurers

12

directly, their insurers would have been able to invoke appraisal, whereas the agents, as non-parties to the insurance policy, could not, and appraisal could potentially defeat the insureds' claim or a part thereof. *See id.* As in this case, the insureds' "claims, although carefully crafted to avoid any causes of action pertaining to breach of the insurance policy itself, [were] factually premised on [the] insurance policy and [the insurers'] rejection of the [insureds'] claim." *Id.* We thus concluded that the insurers possessed a justiciable interest in the litigation that was essential to effectively protect the insurers' interests. *Id.*; *see Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234. We further determined that allowing the insurers to intervene would not excessively multiply the issues in the case because the causes of action, defenses, and relevant facts all surrounded the alleged damage to the insureds' property, the cause of that damage, the adjusters' evaluation of the damage, and the insurers' denial of the claim. *See id.* We stated that we could not consider the agents' "liability in a vacuum," and concluded that the agents' liability was "in essence, inextricably interwoven with [the insurers'] insurance policy and [their] denial of the [insureds'] claims." *Id.* Moreover, because insurers had assumed liability for their agents' actions under § 542A.006, the intervention would not expand the scope of facts and issues relevant to the case. *Id.*; *see Guar. Fed. Sav. Bank*, 793 S.W.2d at 657; *Williamson*, 554 S.W.3d at 66; *J. Fuentes Colleyville, L.P.*, 501 S.W.3d at 243; *see generally* TEX. INS. CODE ANN. § 542A.006.

These same considerations apply in this case. *See In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6. Accordingly, we conclude that the trial court

13

abused its discretion by denying Trisura's plea in intervention and granting Selvera's motion to strike. *See id.* We sustain relators' first issue.

### IV. MOTIONS TO DISMISS

In their second issue, relators assert that the trial court abused its discretion by denying their motions to dismiss Selvera's claims against Eagle 1 and Maretzki because Trisura has elected to assume their liability under § 542A.006. *See* TEX. INS. CODE ANN. § 542A.006. In countering this argument, Selvera relies on her claims, which we have rejected above, that § 542A.006 does not apply because Trisura was not a party to Selvera's lawsuit against Eagle 1 and Maretzki.

Here, Trisura twice elected to accept whatever liability that Eagle 1 and Maretzki may have to Selvera. It did so after Selvera filed suit against them. The Insurance Code expressly provides that "[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). We have agreed with the Fifth Circuit's assessment that "an insurer's § 542A.006 election 'eviscerates any claim against an agent.'" *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *4 (quoting *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474); *see Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (stating that "the Texas Legislature crafted § 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court").

The Legislature drafted § 542A.006 to provide that the trial court "shall" dismiss the claimant's action against an agent when the statutory prerequisites are satisfied. *See* TEX. INS. CODE ANN. § 542A.006(b), (c). The use of the word "shall" imposes a mandatory

14

duty. *See In re Rogers*, 690 S.W.3d 296, 300–01 (Tex. 2024) (orig. proceeding) (per curiam); *Boerne to Bergheim Coal. for Clean Env't v. Texas Comm'n on Env't Quality*, 657 S.W.3d 382, 391 (Tex. App.—El Paso 2022, no pet.); *see also* TEX. GOV'T CODE ANN. § 311.016(2). Here, because Trisura made an election after suit was filed to assume whatever liability that Eagle 1 and Maretzki may have to Selvera, the insurance code imposes a mandatory duty on the trial court to dismiss the action against Eagle 1 and Maretzki with prejudice. *See* TEX. INS. CODE ANN. § 542A.006(c). We sustain relators' second issue.

## V. DEPOSITIONS

In their third issue, relators assert that the trial court abused its discretion by denying Eagle 1 and Maretzki's motions to quash and for protective relief regarding the depositions of Maretzki and a corporate representative of Eagle 1. In this regard, relators reiterate their contention that § 542A.006 requires Maretzki and Eagle 1 to be dismissed from the lawsuit. They further argue that Trisura has the right to invoke appraisal and have the case abated pending the outcome of appraisal. According to relators, "[a]ppraisal must move forward before any discovery can take place."

We reject relators' contentions. While our ruling today requires the trial court to dismiss Eagle 1 and Maretzki from suit, relators' arguments fail to consider that a party may seek discovery from both parties and nonparties to suit. *See, e.g.*, TEX. R. CIV. P. 205 (governing discovery from nonparties). Further, to the extent that relators' contentions here rely on their alleged right to appraisal, relators cite no authority in favor of their assertion that discovery must be stayed pending the completion of appraisal. Given the foregoing, we overrule relators' third issue.

15

## VI.   REMEDY

Relators assert that they lack an adequate remedy by appeal to address the trial court's errors. Selvera does not argue otherwise. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. This balance depends heavily on the specific circumstances of the case. *See In re Kappmeyer*, 668 S.W.3d 651, 659 (Tex. 2023) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138.

We have concluded that the trial court abused its discretion by striking Trisura's plea in intervention. A trial court's ruling on a plea in intervention is not subject to appeal; thus, mandamus relief is appropriate when the trial court erroneously rules on a motion to strike. *See, e.g.*, *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 729 (Tex. 2006) (orig. proceeding); *In re Certain Underwriters at Lloyd's, London*, 2025 WL 1914403, at *6; *In re Gandy*, 649 S.W.3d 921, 928 (Tex. App.—Eastland 2022, orig. proceeding); *see also Hometown Bank, N.A. v. City of Tex. City*, No. 14-21-00043-CV, 2022 WL 17491676, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2022, no pet.) (mem. op.).

We have also concluded that the trial court abused its discretion by denying the relators' motions to dismiss Eagle 1 and Maretzki from suit. Mandamus review will preserve their right to dismissal under § 542A.006 from loss. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In this regard, the Texas Supreme Court has recognized that "[t]he most frequent use [that it has] made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the

16

substantive right involved." *In re Acad., Ltd.*, 625 S.W.3d at 32 (quoting *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding)). This is such a case. Further, mandamus will spare the litigants and the public the time and money wasted awaiting an eventual reversal following a final judgment. *See In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 842 (Tex. 2024) (orig. proceeding) (discussing the propriety of mandamus relief to prevent "a knowing waste of resources*"*); *In re McAllen Med. Ctr.*, 275 S.W.3d at 465–66 ("Sitting on our hands while unnecessary costs mount up contributes to public complaints that the civil justice system is expensive and outmoded."); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137 (stating that in some circumstances "the irreversible waste of judicial and public resources that would be required" absent mandamus relief justifies granting such relief). We conclude that the circumstances present in this case render a remedy by appeal after final judgment inadequate.

## VII. CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, Selvera's response, the reply, and the applicable law, is of the opinion that relators have met their burden to obtain relief, in part. Accordingly, we lift the stay that we previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus in part and direct the trial court to: (1) vacate that portion of its March 13, 2025 order granting Selvera's motion to strike Trisura's plea in intervention; (2) enter an order denying Selvera's motion to strike Trisura's plea in intervention; (3) vacate that portion of its March 13, 2025 order denying the motions to dismiss; and (4) enter an order granting the motions to dismiss Eagle 1 and Maretzki from the lawsuit with prejudice. Our writ will issue only if the trial court fails to comply. We deny the petition

17

for writ of mandamus, in part, as to relators' remaining contentions. We likewise deny relators' request that we assess costs of court against Selvera.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
25th day of July, 2025.